22426. PEARLE OPTICAL OF MONROEVILLE, INC. et al.
v. STATE BOARD OF EXAMINERS
IN OPTOMETRY.

ARGUED MARCH 9, 1964—DECIDED APRIL 9, 1964—REHEARING DENIED APRIL 21, 1964.

*Edenfield, Heyman & Sizemore, Newell Edenfield, Joseph Lef-koff, William G. Grant,* for plaintiffs in error.

*Eugene Cook, Attorney General, G. Hughel Harrison, Assistant Attorney General,* contra.

ALMAND, Justice. The Georgia State Board of Examiners in Optometry filed in Floyd Superior Court in December 1962, its

petition against Pearle Optical of Monroeville, Inc., and Dr. James P. Henderson seeking a declaratory judgment as to the rights of petitioner to regulate and control the practice of optometry and to determine and declare the rights of the defendants to engage in the practice of optometry. The defendants filed their demurrers and answers. In April, 1963, the case was submitted to the trial judge for decision on both the demurrers and the main issues. The facts involved were stipulated. The court entered a decree overruling the demurrers and adjudicating the rights and duties of the plaintiffs and defendants. Paragraph 7 of the decree provided: "Accordingly, upon this adjudication becoming final, the corporate defendant Pearle Optical of Monroeville, Inc. shall not engage in the practice of optometry within this State, neither directly, indirectly, nor otherwise through or by any of its corporate officers, agents, servants and/or employees, and the individual defendant James Perry Henderson, as a practicing Licensed Optometrist, shall conform to and comply with the reasonable rules and regulations adopted and promulgated by the Georgia State Board of Examiners in Optometry governing the practice of optometry pursuant to the laws of Georgia. So ordered this 18th day of April, 1963." The defendants filed their bill of exceptions to this order in which it was recited that the order upon which error was assigned was "a final order, judgment and decree." On review this court on October 10, 1963, affirmed without any conditions or directions the decree of the trial court. *Pearle Optical of Monroeville v. Georgia State Board of Examiners in Optometry*, 219 Ga. 364 (133 SE2d 374). Upon the return of the remittitur from this court to the trial court on motion of counsel for the Board of Optometry, ex parte and without notice to Pearle Optical, the trial court entered an order making the judgment of this court the judgment of the trial court and adjudicated and declared duties and obligations of the defendants other than provided in the affirmed decree. The defendants filed their motion to vacate this supplemental decree. This motion was denied and the defendants by their bill of exceptions assign error on this order.

The declaratory judgment rendered by the trial court, reviewed and affirmed by this court in 219 Ga. 364, supra, was a final judgment. When the remittitur from this court was re-

ceived by the trial court it was the duty of the court "in good faith" to carry "into full effect" the judgment of this court. *Code* § 6-1804. The judgment of affirmance was a final disposition of the case, even if the remittitur was not made the judgment of the trial court. *Harrison v. Harrison,* 208 Ga. 70 (65 SE2d 173). When a final judgment of the trial court is affirmed by this court, and not remanded to the trial court for further proceedings, the controversy is at an end; the rights of the parties, so far as they are involved in the litigation, are conclusively adjudicated. Further proceedings on the case in this court and in the trial court are precluded, and the judgment of the lower court is in full force and effect, precisely the same as if no appeal to this court had been taken. *Pryor v. Pryor,* 164 Ga. 7 (2) (137 SE 567). "Affirmance of the judgment without condition or direction left the trial court without jurisdiction to entertain or pass on a 'special plea' filed after the judgment of affirmance." *Federal Investment Co. v. Ewing,* 166 Ga. 246 (142 SE 890).

The court erred in overruling the motion of the defendants to vacate its order of December 23, 1963.

*Judgment reversed. All the Justices concur.*