## 55518. GOOLSBY v. WILSON et al.

SHULMAN, Judge.

On three separate occasions, during the course of three town hall meetings, appellee (then mayor of the City of Duluth) made certain statements concerning appellant (then Chief of Police of the City of Duluth). These statements related to the unexplained absence of money posted for a traffic offense. The statements which appellee admitted making in reference to appellant were: "If I catch anybody else stealing, I'll do my dead level best to get rid of them, too." "I exposed J. B. [appellant] a while back for taking money." "I proved he took the money." Appellant filed suit to recover for the allegedly defamatory statements. This appeal follows the grant of appellee's motion for directed verdict at the close of appellant's case. We affirm.

1. "Under Code Ann. § 105-709 (1) statements made bona fide in the performance of a public duty are privileged; communications made by a public official with respect to his official duties are privileged. [Cit.] Here the alleged statement was made by a mayor, at a town meeting and concerned the theft of city funds. . . [T]his communication was privileged. [Cit.] However. . . this privilege may be lost when the official acts wilfully, corruptly, or maliciously. [Cit.]" *McKinnon v. Trivett,* 136 Ga. App. 59, 61 (220 SE2d 63). The privilege, then, is a qualified one and not absolute.

2. Appellant, Chief of Police of the City of Duluth, is

a public official within the rule of New York Times Co. v. Sullivan, 376 U.S. 254. See 19 ALR3d 1361, 1375 § 5(d). Therefore, not only was it necessary for appellant to prove that the official (appellee-mayor herein) forfeited his privilege by acting "wilfully, corruptly, or maliciously," it was encumbent upon appellant to make a prima facie showing that actual malice existed in the constitutional sense. *Williams v. Trust Co. of Ga.,* 140 Ga. App. 49, 63 (230 SE2d 45).

"Defamed public officials. . . can recover only upon a showing of actual malice, i.e., 'only on clear and convincing proof that the defamatory falsehood was made with knowledge of its falsity or with reckless disregard for the truth.' " *Williams,* supra, p. 52.

"Constitutional malice does not involve the motives of the speaker or publisher, though they may be wrong, but rather it is his awareness of actual or probable falsity, or his reckless disregard for their falsity. . . So here [appellant], as was with Sullivan in New York Times, is prohibited 'from recovering damages for a defamatory falsehood relating to his. . . conduct *unless* he proves that the statement was made with "actual malice" — that is, with knowledge that it was false or with reckless disregard of whether it was false or not.' New York Times, supra, 376 U. S. at 279. (Emphasis supplied.) Actual malice is not presumed, ' "But is a matter of proof by the plaintiff." ' Id., at 284. The constitutional standard demands that the proof of actual malice be made with convincing clarity. Id. at 284." *Williams,* supra, p. 56. *"There must be sufficient evidence to permit the conclusion that the defendant in fact entertained serious doubts as to the truth of his publication."* Id. p. 55.

As appellant failed to satisfy the constitutional standard to which he must be held, the trial court properly granted the motion for directed verdict. See 20 ALR3d 988, 1005, § 6[a].

*Judgment affirmed. Bell, C. J., and Birdsong, J., concur.*

ARGUED FEBRUARY 28, 1978 — DECIDED JUNE 19, 1978.

*G. Hughel Harrison, John F. Doran, Jr.,* for appellant.
*Cheeley & Chandler, Joseph E. Cheeley,* for appellees.