62857. GIBBS v. JIM WILSON CHEVROLET COMPANY, INC.

SOGNIER, Judge.

Gibbs purchased a used 1975 Pontiac from Jim Wilson Chevrolet Company, Inc. (Wilson). Gibbs paid $500 down and financed the remainder of the purchase price through Wilson and GMAC. In addition, Gibbs purchased optional Mechanical Breakdown Insurance on the automobile. The automobile developed mechanical problems which Gibbs requested that Wilson remedy. Gibbs was not satisfied with Wilson's attempts to fix the car and notified Wilson that she was revoking acceptance of the automobile. Wilson subsequently repossessed the Pontiac because of Gibbs' failure to make installment payments and sued for a deficiency. Gibbs counterclaimed alleging fraud and sought to recover payments made on the car. The trial court directed a verdict in favor of Gibbs on the complaint and directed a verdict in favor of Wilson on the counterclaim. Gibbs appeals.

Appellant contends that the trial court erred in directing a verdict against her on her counterclaim for fraud, because there was sufficient evidence of a misrepresentation upon which she relied to her damage to submit the issues to the jury. We agree.

Gibbs signed an installment sales contract which contained a disclaimer of all warranties. However, appellant testified that she purchased the car because she had been assured that the car was in good mechanical condition, and any mechanical problems with the car would be covered by the Mechanical Breakdown Insurance. Appellant also testified that she took the car back to Wilson a number of times because of mechanical failures, but Wilson had failed to repair the car despite the insurance. Appellant revoked acceptance of the automobile by letter and demanded return of the money she had paid to Wilson. Wilson's representative testified that Gibbs had notified Wilson prior to the time of repossession that she wanted to surrender the car.

Where the purchaser of personal property has been injured by the false and fraudulent representations of the seller as to the subject matter thereof, he may rescind the contract, return the article and sue in tort for fraud. *Bob Maddox Dodge v. McKie,* 155 Ga. App. 263, 264 (270 SE2d 690) (1980). "Fraud may not be presumed, but, being in itself subtle, slight circumstances may be sufficient to carry conviction of its existence." Code Ann. § 37-706. A review of the record indicates there was sufficient evidence at trial that Gibbs rescinded the contract and tendered the car to Wilson to require submission of the case to the jury on the issue of fraud. *Cambron v. Canal Ins. Co.,* 246 Ga. 147, 149 (269 SE2d 426) (1980); *Bob Maddox Dodge,* supra.

Wilson argues that Gibbs failed to prove any damages which could have resulted from the alleged fraud. We do not agree. Appellant testified, and the contract showed, that she had paid $500 in cash as a down payment on the car. Thus, enough evidence was presented for the jury to decide whether Gibbs had any actual damages as a result of the alleged fraud.

It is error to direct a verdict unless the evidence demands the particular verdict and fails to disclose any material issue for jury resolution. *Humble Oil &c. Co. v. Mitchell,* 230 Ga. 323, 326 (197 SE2d 126) (1973). In our opinion the evidence in the instant case did not demand a verdict in favor of Wilson on appellant's counterclaim, and it was error for the trial court to direct a verdict in this regard.

*Judgment reversed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 5, 1982.

*W. Allan Myers,* for appellant.
*James A. Glenn, Jr.,* for appellee.