64316, 64399. TIDWELL HOMES, INC. v. SHARIF (two cases).

SHULMAN, Presiding Judge.

These consolidated appeals arise from a single judgment entered upon a jury verdict. On February 22, 1982, judgment was entered awarding appellant damages in the amount of $20,700. The notice of appeal from that judgment was filed by appellant on February 24, 1982. Appellant enumerates as error in No. 64316 the trial court's decision not to allow the presentation of evidence on attorney's fees. On March 1, 1982, appellees filed with the trial court a motion for new trial. On March 11, appellant paid all court costs in the action and filed a response to appellees' motion for new trial, in which appellant argued that jurisdiction of the case was vested in this court upon the filing of the notice of appeal and payment of court costs. The record in No. 64399 contains certification by the clerk of court that all accrued costs were paid by appellant on March 11. Nevertheless, the trial court granted appellees' motion for new trial on March 15, and appellant filed a timely notice of appeal from that order.

1. Appellant's first enumeration of error charges that the trial court erred in granting appellees' motion for new trial on March 15 due to the fact that it lost jurisdiction to entertain the motion upon the payment of costs on March 11. We agree and reverse the trial court's order awarding appellees a new trial.

Code Ann. § 6-1002 provides that "the notice of appeal . . . shall serve as supersedeas, upon payment of all costs in the trial court by the appellant . . ." It is well settled that " '[t]he filing of a notice of appeal serves to supersede a judgment and while on appeal, the trial court is without authority to modify such judgment. [Cit.] Accordingly, the judgment attempting to vacate the prior judgment, though rendered during the same term of court, was a nullity.' " *Park*

*v. Minton,* 229 Ga. 765, 769 (194 SE2d 465). Accord, *Walker v. Walker,* 239 Ga. 175 (236 SE2d 263); *Jackson v. Martin,* 225 Ga. 170 (167 SE2d 135). The Supreme Court recently summarized the law on this question in *Cohran v. Carlin,* 249 Ga. 510, 512 (291 SE2d 538): "pursuant to Code Ann. § 6-1002, a notice of appeal, with payment of costs, serves as a supersedeas of the judgment (unless supersedeas bond be required), and 'while on appeal, the trial court is without authority to modify such judgment.' [Cits.] But the notice of appeal supersedes only the judgment appealed; it does not deprive the trial court of jurisdiction as to other matters in the same case not affecting the judgment on appeal. [Cits.]"

It is clear that the trial court in this case had no jurisdiction to vacate the judgment and grant a new trial. Appellant's initial notice of appeal was from the same judgment affected by the grant of a new trial. All court costs were paid prior to the entry of the order granting a new trial. Consequently, the trial court's order granting appellee's motion for new trial was a nullity.

2. Appellant challenges the apparent decision by the trial court to disallow the presentation at trial of evidence on the issue of attorney fees. However, this court is in no position to review that decision of the trial court in view of the fact that no transcript of the trial is included in the record on appeal. Absent a transcript, this court cannot determine whether the issue of attorney fees should have been submitted to the jury in this case. We must assume that the trial court's findings were proper and supported by the evidence. *Foster v. Housing Auth. of Columbus,* 146 Ga. App. 12 (245 SE2d 349). This enumeration of error is without merit.

3. Appellees filed a motion to dismiss the appeal based on the contention that the only relief this court could grant appellant would be to order a new trial, which was the relief ordered on appellees' motion for new trial. As may be seen from Divisions 1 and 2 of this opinion, appellant's contention is wholly erroneous. The motion to dismiss is, accordingly, denied.

*Judgment affirmed in part and reversed in part. Quillian, C. J., and Carley, J., concur.*

DECIDED NOVEMBER 4, 1982.

*Ronald N. Winston, Jane Fugate Thorpe, Lowell S. Fine,* for appellant.

*E. T. Hendon, Jr.,* for appellee.