## 66431, 66430. VAN GETER v. HOUSING AUTHORITY OF ATLANTA et al.; and vice versa.

BIRDSONG, Judge.

This appeal and cross appeal arise from a $100,000 jury verdict and judgment in favor of plaintiff in this defamation action.

1. Plaintiff contends in his only enumeration of error that the jury award was inadequate. This action was submitted to the jury pursuant to OCGA § 51-12-6 (Code Ann. § 105-2003) as a case "in which the entire injury is to the peace, happiness, or feelings of the plaintiff." The latter section further provides that "the verdict of the jury should not be disturbed unless the court suspects bias or prejudice from its excess or its inadequacy." Plaintiff has shown nothing from which we can conclude the $100,000 verdict in this case was so inadequate as to indicate bias or prejudice. Accordingly, this enumeration is wholly without merit.

2. In the first of two enumerations of error in the cross appeal, defendants argue that the trial court erred in failing to instruct the jury regarding the privileged nature of the alleged slanderous communication involved in this case. This action arose from a statement made by defendant Hider to a newspaper reporter in which he stated that plaintiff had been suspended from his position with the defendant Atlanta Housing Authority ("AHA") for theft of AHA gasoline. The court charged the jury that "statements made bona fide in the performance of a public duty are privileged." This is a correct statement of law. See OCGA § 51-5-7 (1) (Code Ann. § 105-704). The court further charged the jury that "this privilege may be lost when the official acts willfully, corruptly, or maliciously for the privilege is only a qualified one and not absolute." This is also a correct statement. See *Goolsby v. Wilson,* 146 Ga. App. 288 (1) (246 SE2d 371). The court further charged that "[t]o make the defense, however, of privilege complete in an action of slander, good faith, an interest to be upheld, a statement limited in its scope to this purpose, a proper occasion, and publication in a proper manner, and to proper parties only must appear. The absence of any one or more of these conditions will revoke the privilege." This is also a correct statement of law. See *Lamb v. Fedderwitz,* 71 Ga. App. 249 (30 SE2d 436); OCGA § 51-5-9 (Code Ann. § 105-710). Defendants have shown no manner in which the court's charge on privilege was erroneous.

Defendants appear to contend at one point in their brief that they were entitled to an instruction informing the jury that the communication was absolutely privileged. However, this contention ignores the fact that, as we just pointed out, the privilege to which they claim entitlement is qualified. The trial court would have

committed error if it had failed to instruct the jury on the qualified nature of the privilege and the manner in which it could be lost, since there was ample evidence in this case from which the jury could have concluded that the defendants were not entitled to the privilege with respect to the subject communication. This enumeration is without merit.

3. The second enumeration on the cross appeal argues that the plaintiff was not entitled to vindictive damages pursuant to OCGA § 51-12-6 (Code Ann. § 105-2003) because he did not request defendants to retract the defamatory statement. See OCGA § 51-5-11 (b) (c) (Code Ann. § 105-720). However, OCGA § 51-5-11 (Code Ann. § 105-720) applies only to libel actions; that is, actions against the publisher. This case is based on an alleged slanderous statement made by defendant Hider to a newspaper reporter. Accordingly, the retraction provisions of OCGA § 51-5-11 (Code Ann. § 105-720) have no application to this case.

4. Plaintiff has filed with this court a motion to have the costs of preparing the transcript and record for appeal divided equally between him and defendants. See OCGA § 5-6-38 (b) (Code Ann. § 6-803). Since this motion deals with costs incurred in the trial court, it should be addressed to that court subject to review on appeal.

*Judgments affirmed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED JULY 12, 1983.

*Jerry B. Hatcher,* for appellant.
*Bernard Parks,* for appellees.