## 66516. TIDWELL HOMES, INC. v. SHARIF et al.

CARLEY, Judge.

On February 22, 1982, judgment was entered on a jury verdict returned for appellant. Appellant filed a notice of appeal from that judgment on February 24, 1982. On March 1, 1982, appellees filed a motion for new trial. On March 11, 1982, appellant paid all court costs in the action. On March 15, 1982, the trial court granted appellees' motion for new trial. In *Tidwell Homes, Inc. v. Sharif,* 164 Ga. App. 284 (297 SE2d 67) (1982), this court reversed the grant of appellees' motion for new trial and affirmed the judgment in favor of appellant.

The instant appeal results from actions taken by the trial court subsequent to the previous appellate disposition of the case discussed above. After this court's remittitur was filed in the trial court, the trial court quite properly made the judgment of this court its judgment. However, the trial court then granted appellees' motion for new trial on the general grounds. The only enunciated rationale for this action was that the holding in *Tidwell Homes, Inc. v. Sharif,* supra at 284 (1), stood only for the proposition that the trial court "did not have jurisdiction to entertain [appellees' previous] motion . . ." The trial court's grant of appellees' motion for new trial was certified for immediate review. Appellant's application for an interlocutory appeal was granted in order that we might resolve the issue of a trial court's subsequent jurisdiction over a case in which the judgment has been affirmed by an appellate court.

The trial court was correct in its observation that the previous appeal of this case related solely to the issue of its jurisdiction to entertain and rule on appellees' motion for new trial pending resolution of appellant's appeal. This does not, however, resolve the question of whether the trial court was reinvested with plenary jurisdiction over the case after the final judgment for appellant had been affirmed by this court. "When a final judgment of the trial court is affirmed by this court, and not remanded to the trial court for further proceedings, the controversy is at an end; the rights of the parties, so far as they are involved in the litigation, are conclusively adjudicated. Further proceedings on the case in this court and in the trial court are precluded, and the judgment of the lower court is in full force and effect, precisely the same as if no appeal to this court had been taken. [Cit.]" *Pearle Optical v. State Bd. of Optometry,* 219 Ga. 856, 858 (136 SE2d 371) (1964). "Upon the remittitur from the appellate court being filed in the trial court, the issue is res judicata . . . Nor can [the trial court] hear further evidence or consider any other

matter that would otherwise affect the finality of the judgment of this court. The only action which that court had authority or power to take was to make the judgment of this court the judgment of the trial court . . ." *Shepherd v. Shepherd,* 243 Ga. 253, 254-255 (253 SE2d 696) (1979). Accordingly, in the instant case the trial court lacked jurisdiction to grant appellees' motion for new trial after this court had affirmed appellant's judgment.

In so holding, we are not unmindful that appellees and those in a similar procedural position are forever foreclosed from the opportunity of having the trial court weigh the evidence. All issues which are assertable in the trial court through a motion for new trial may also be raised on direct or cross appeal and ruled on by an appellate court with the exception of the *weight* of evidence. See generally *Dukes v. Hinton,* 136 Ga. App. 227, 228 (220 SE2d 713) (1975); *Pembrook Mgt. v. Cossaboon,* 157 Ga. App. 675, 676 (278 SE2d 100) (1981). However, we recognize that this foreclosure is the direct consequence of legislation eliminating the filing of a motion for new trial as a condition precedent to an appeal. See *Gilman Paper Co. v. James,* 235 Ga. 348, 350 (219 SE2d 447) (1975); *St. Paul Fire &c. Ins. Co. v. Postell,* 113 Ga. App. 862, 864-865 (149 SE2d 864) (1966). Obviously, if the filing of a motion for new trial were still a condition precedent to an appeal, an appeal would proceed only after the trial court had had the opportunity to weigh the evidence. Accordingly, a statute ostensibly enacted to facilitate the appellate resolution of controversies has the anomalous result in the instant case of depriving a litigant of the opportunity to have the trial court weigh the evidence. This hiatus in the law is statutory in origin and, if a change is warranted, it too must result from legislative action.

*Judgment reversed. Deen, P. J., and Banke, J., concur.*

DECIDED NOVEMBER 28, 1983 —
REHEARING DENIED DECEMBER 13, 1983 —

*Pierre Howard, Mary Margaret Oliver,* for appellant.
*E. T. Hendon, Jr.,* for appellees.