## 40710. SHARIF v. TIDWELL HOMES, INC.

GREGORY, Justice.

On February 22, 1982, following a jury trial, the trial court entered judgment in favor of Tidwell Homes and against petitioner Sharif in the amount of $20,700. Tidwell Homes (Tidwell) filed a notice of appeal from this judgment on February 24, 1982, alleging the trial court erred in not allowing it to present evidence on the issue of attorney fees. On March 1, 1982 Sharif filed a motion for new trial which Tidwell opposed. The trial court granted the motion for new trial on March 15, 1982 and Tidwell immediately filed a second notice of appeal from this ruling. The Court of Appeals consolidated these cases on appeal. That court affirmed the trial court's ruling with regard to the admission of evidence of attorney fees, but reversed the trial court's grant of the motion for new trial, finding that the filing of the notice of appeal divested the trial court of jurisdiction to grant the motion for new trial. *Tidwell Homes v. Sharif,* 164 Ga. App. 284 (297 SE2d 67) (1982). An application for certiorari was not made to this court.

Upon receipt of the remittitur from the Court of Appeals, the trial court ordered that the judgment of the Court of Appeals be made the judgment of the trial court. The trial court then entered an order granting Sharif's motion for new trial on the general grounds. The Court of Appeals granted Tidwell's application to appeal and reversed.

The Court of Appeals concluded that the trial court could not have been reinvested with jurisdiction over the case after the Court of Appeals had affirmed the jury verdict and reversed the grant of a new

trial. *Pearle Optical v. State Board of Optometry,* 219 Ga. 856 (136 SE2d 371) (1964). Therefore, the trial court erred in granting Sharif's motion for new trial. *Tidwell Homes v. Sharif,* 169 Ga. App. 270 (——— SE2d ———) (1983).

We granted certiorari to consider this case along with *Housing Auth. of the City of Atlanta v. Geter,* 252 Ga. 196 (312 SE2d 309) (1984). Both cases involve the issue of whether a trial court may grant a motion for new trial during the statutory period, OCGA § 5-5-40 (Code Ann. § 70-301), after a notice of appeal has been filed. In *Geter,* we held that "[e]ven though a notice of appeal may divest the trial court of jurisdiction, . . . such divestiture does not become effective during the period in which a motion for new trial may be filed. In the event a motion for new trial is timely filed as provided in OCGA § 5-5-40 (Code Ann. § 70-301), the effectiveness of the divestiture of jurisdiction is then delayed until the motion for new trial is ruled upon and a notice of appeal to the ruling has been filed or the period for appealing the ruling has expired." *Geter,* at p. 197. Thus the Court of Appeals erred in holding in *Tidwell Homes v. Sharif,* 164 Ga. App. 284, supra, that the filing of the notice of appeal divested the trial court of jurisdiction to grant the motion for new trial. However, by failing to apply for certiorari to this court, Sharif allowed the erroneous ruling to become the law of the case.

We agree with the Court of Appeals in *Tidwell Homes,* 169 Ga. App. 270, supra, that the trial court lacked authority to grant Sharif's motion for new trial after a final judgment had been rendered by the Court of Appeals on that issue. See, generally, *Dorsey v. West,* 252 Ga. 92 (311 SE2d 816) (1984). Accordingly, we adopt that portion of the Court of Appeals' opinion so holding.

*Judgment affirmed. All the Justices concur, except Marshall, P. J., and Weltner, J., who dissent.*

DECIDED FEBRUARY 10, 1984 —
REHEARING DENIED FEBRUARY 21, 1984.

*Moulton, Carriere, Cavan & Maloof, E. T. Hendon, Jr.,* for appellant.
*Pierre Howard, Jr.,* for appellee.

WELTNER, Justice, dissenting.
I dissent for the reasons stated in my dissent in *Housing Auth. of the City of Atlanta v. Geter,* 252 Ga. 196 (312 SE2d 309) (1984).