# 40400. HOUSING AUTHORITY OF THE CITY OF ATLANTA v. GETER.

CLARKE, Justice.

We granted certiorari to consider the unique question of the effect of a notice of appeal upon a subsequent motion for new trial which is filed within the statutory period.

Mr. Geter sued the Housing Authority of the City of Atlanta for slander and a verdict for a sum of money was returned in his favor. A judgment was entered. Geter then filed a notice of appeal complaining that the verdict was excessively low. This action left the Housing Authority facing the dilemma of choosing an appropriate means of appealing the judgment of the trial court. In an attempt to resolve the dilemma, the Authority filed a cross appeal as well as a motion for new trial in the trial court. The Court of Appeals, in its first review of this case, rejected the arguments in the appeal and those in the cross appeal and affirmed the trial court's judgment. *Van Geter v. Housing Auth. of Atlanta,* 167 Ga. App. 432 (306 SE2d 707) (1983).

Upon receipt of the remittitur from the Court of Appeals, the trial court reasserted its jurisdiction and granted a new trial to the Housing Authority. To counter this, Geter applied to the Court of Appeals for a writ of prohibition which was granted. On August 31, 1983, the Court of Appeals issued an order requiring that the superior court vacate its order granting a new trial and prohibiting the superior court from taking further action inconsistent with the Court

of Appeals decision. We affirm.

The procedural posture of this case renders moot any motion for new trial even if the Court of Appeals writ of prohibition were lifted. The fact that the case has made its way through the appeal processes of the Court of Appeals has effectively cut off the Housing Authority's right to pursue its motion for a new trial. The case has been finally decided and there's nothing remaining for the trial court to deal with. This fact requires an affirmance. OCGA § 5-6-10 (Code Ann. § 6-1804).

Although an affirmance is mandated here, we feel it is important as a guide to the bench and bar to give some attention to the troublesome issue presented. The right of the trial court to correct its own errors is important. " 'Before a verdict becomes final it should, where the losing party requires it by a motion for new trial, receive the approval of the mind and conscience of the trial judge. He is sometimes spoken of as the thirteenth juror. Until his approval is given, the verdict does not become binding, in a case where a motion for new trial contains the general grounds.' " *Brown v. Service Coach Lines,* 71 Ga. App. 437 (31 SE2d 236) (1944).

Further indication that the new trial is an important vehicle for the trial court's correction of errors is found in the statutory provision that within thirty days of entry of judgment the trial court may grant a new trial on its own motion except in cases of acquittal of a criminal defendant. OCGA § 5-5-40 (h) (Code Ann. § 70-301).

Even though a notice of appeal may divest the trial court of jurisdiction, we conclude that such divestiture does not become effective during the period in which a motion for new trial may be filed. In the event a motion for new trial is timely filed as provided in OCGA § 5-5-40 (Code Ann. § 70-301), the effectiveness of the divestiture of jurisdiction is then delayed until the motion for new trial is ruled upon and a notice of appeal to the ruling has been filed or the period for appealing the ruling has expired. Furthermore, the trial court may, on its own motion, grant a new trial as provided in OCGA § 5-5-40 (h) (Code Ann. § 70-301) within the time in which a motion for new trial may be filed even though a notice of appeal has been filed. The proper means of placing this issue before this court would be to file a motion for a stay of the direct appeal with the Court of Appeals, and if the stay were denied, then to petition for writ of certiorari.

It is our opinion that the procedure outlined above will serve to protect the integrity of the trial courts in their efforts to do substantial justice and discourage races to the courthouse for the purpose of playing legal slapjack with notices and motions.

*Judgment affirmed. All the Justices concur, except Marshall,*

*P. J., and Weltner, J., who dissent.*

DECIDED FEBRUARY 10, 1984 —
REHEARING DENIED MARCH 6, 1984.

*Jackson & Howell, Bernard Parks,* for appellant.
*Hatcher, Irvin & Pressley, Jerry B. Hatcher, Henry M. Hatcher, Jr.,* for appellee.

WELTNER, Justice, dissenting.

I am in total agreement with the majority that the appellate procedures of our State must be structured and interpreted "to protect the integrity of the trial courts in their efforts to do substantial justice and discourage races to the courthouse for the purpose of playing legal slapjack with notices and motions."

I dissent because by our judgment in *this* case we have accomplished the very opposite of what we solemnly declare our goal to be. In so doing, we have deprived the trial judge of his traditional authority to consider a timely motion for new trial on discretionary grounds — which *only* the trial judge may grant — and, more importantly, we have deprived a party of its right to have that motion so considered upon its merits.