### 67479. LENNY'S, INC. et al. v. ALLIED SIGN ERECTORS, INC. et al.

SHULMAN, Presiding Judge.

Appellant Lenny's, Inc., leased a fire detection system from appellee Rollins Protective Services Company ("Rollins"). Thereafter, an electric sign purchased from defendant Allied Sign Erectors, Inc.

(not a party to this appeal) caught fire and, in spite of the new fire detection system, caused extensive damage to Lenny's premises before fire fighting units could arrive. Appellant Early American Insurance Company paid Lenny's approximately $500,000 for a portion of the fire loss. Lenny's also suffered business losses for which it had no insurance coverage. Appellants filed suit against Rollins and Allied Sign Erectors, Inc., seeking damages alternatively for breach of contract, breach of warranty, and negligence. In an amendment to the complaint, appellants alleged that Rollins wilfully and wantonly installed a system at Lenny's that they knew was inadequate and that such action constituted gross negligence on the part of Rollins. Rollins filed a motion for summary judgment seeking to limit its liability to $250 pursuant to a liquidated damages clause in the lease agreement. This appeal is from the grant of that motion.

1. Appellants submitted the affidavit of Leonard Odom, the manager of Lenny's, who averred that Rollins' agent was made well aware of a previous fire that had been caused by the electric sign purchased from Allied Sign Erectors. Odom stated that the agent represented that the fire detection system Rollins installed at Lenny's was adequate and would work sufficiently to prevent damage like that suffered in the earlier fire. The smoke sensor alarm malfunctioned on numerous occasions and Rollins was continually called upon to make repairs. Each time a repair was made, Odom was assured that the system would work to detect a fire before substantial damage to the premises occurred.

Appellants also submitted a certified copy of the affidavit of a former Rollins employee, which affidavit was given in a case other than the one before this court on appeal. The former employee averred that Rollins taught its salesmen to "sell" the protective service that provided a minimal level of protection and to make the sale "no matter what." He further averred that the bulk of Rollins' profit comes from the installation fee charged to each customer when the system is delivered and that this fee is substantially the same no matter what type of system is installed.

Appellants claim that representatives of Rollins fraudulently induced Lenny's representatives to sign the lease agreement by misrepresenting the system's capabilities in general and its suitability for Lenny's in particular. Rollins directs our attention to the following clause in its lease agreement with Lenny's: "This Agreement and Exhibit 'a' contain the entire understanding of the parties and may not be modified or amended except in writing signed by the President of Rollins in Atlanta, Georgia." Rollins argues that this "integration clause" prevents Lenny's from relying on oral representations made by Rollins' agent. However, such a clause "can have no bearing in a case where fraud in procuring the signing of the instrument is the

issue. [Cit.]" *Williams v. Toomey*, 173 Ga. 199 (2) (159 SE 866). See also *Chesnut v. Al Means Ford, Inc.*, 113 Ga. App. 623, 626 (149 SE2d 410). "Where the purchaser of personal property has been injured by the false and fraudulent representations of the seller as to the subject matter thereof, he ordinarily has an election whether to rescind the contract, return the article and sue in tort for fraud and deceit, or whether to affirm the contract, retain the article and seek damages resulting from the fraudulent misrepresentation." *Bob Maddox Dodge v. McKie*, 155 Ga. App. 263 (2) (270 SE2d 690). " 'Fraud may not be presumed, but, being in itself subtle, slight circumstances may be sufficient to carry conviction of its existence.' [OCGA § 23-2-57]." *Gibbs v. Jim Watson Chevrolet Co.*, 161 Ga. App. 171, 172 (288 SE2d 264). Therefore, we hold that the evidence in the record is sufficient to establish a question of fact with regard to Lenny's allegation that its representative was fraudulently induced by Rollins' agent to sign the lease agreement in question. It follows that the trial court erred in granting summary judgment in favor of Rollins, thereby precluding consideration of this issue by a jury.

2. Rollins successfully argued at the trial level that appellants had no cause of action based on the contract itself for any amount exceeding $250 because of a clause in the lease agreement limiting Rollins' liability to $250 in case of loss or damage resulting from the failure of operation, defective operation, or the improper installation or servicing of the system. However, appellants have alleged that Rollins acted wilfully and wantonly in failing to fully inform Lenny's of the nature of the protection afforded by the system that was leased and that Rollins knew the system was inadequate for Lenny's needs. Appellants further claim that that action on the part of Rollins demonstrated a wilful disregard for the safety of persons and property. A clause in a contract limiting one's liability for negligent acts does not serve to limit one's liability for wilful or wanton conduct. *Hawes v. Central of Ga. R. Co.*, 117 Ga. App. 771, 772 (162 SE2d 14). Therefore, appellants' "allegations charging the defendant with wilful and wanton conduct resulting in [damage to Lenny's premises] are sufficient to carry the case to a jury . . . [OCGA § 9-11-9 (b)]." Id. Accordingly, the trial court erred in granting Rollins' motion for summary judgment with regard to the foregoing issue.

3. Finally, appellants attempted to sustain a count against Rollins sounding in tort separate from the fraud and gross negligence counts that were based on the lease agreement itself. "[A] single act or course of conduct may constitute not only a breach of contract but an independent tort as well, if in addition to violating a contract obligation it also violates a duty owed to plaintiff independent of contract to avoid harming [it]. [Cits.] Such an independent harm may be found because of the relationship between the parties, or because of

defendant's calling or because of the nature of the harm . . . However, not all breaches of contract are also independent torts: 'where defendant's negligence ends merely in nonperformance of the contract and where defendant is not under any recognized duty to act apart from contract, the courts generally still see no duty to act affirmatively except the duty based on — and limited by — defendant's consent.' [Cit.] . . . Even this formulation, however, is limited by the rule that where nonperformance or inaction is of such a type as to create an unreasonable risk of harm to others, even nonperformance of a contract duty — nonfeasance — may give rise to a tort action." *Orkin Exterminating Co. v. Stevens*, 130 Ga. App. 363, 365 (203 SE2d 587). In the present case it is alleged that the agent from Rollins knew of the previous fire caused by the electric sign but that he intentionally recommended a fire system he knew to be inadequate for Lenny's while representing to Lenny's representative that the premises were fully protected. These allegations, combined with Rollins' expertise in this field, may give rise to an independent tort. Whether such a relationship existed between the parties such as that which would authorize the finding of an independent harm is a question of fact to be resolved by a jury. Additional issues for a jury's determination are whether Rollins' conduct amounted to "nonfeasance" or "misfeasance" and if it was nonfeasance, whether it was of such magnitude as to create an unreasonable risk of harm to others. Thus, appellant's count sounding in tort cannot be summarily dismissed.

Inasmuch as questions of fact remain for consideration by a jury, it was error for the trial court to summarily limit Rollins' liability to $250 and to grant its motion for summary judgment.

*Judgment reversed. McMurray, C. J., and Birdsong, J., concur.*

DECIDED MARCH 7, 1984 —
REHEARING DENIED APRIL 19, 1984 — 

*Arthur H. Glaser, G. Randall Moody*, for appellants.
*Richard P. Decker, Jeffrey R. Sliz, Robert A. Moss*, for appellees.