### 67926. ANDERSON v. HOUSING AUTHORITY OF ATLANTA et al.

McMURRAY, Chief Judge.

This case involves slander or defamation in imputing to another a crime punishable by law.

On January 22, 1981, Horace D. Anderson and E. Van Geter were employed in supervisory capacities in the central maintenance facilities of the Housing Authority of the City of Atlanta, Georgia, and in said capacity Anderson supervised the motor vehicle services operation. His immediate supervisor was E. Van Geter. Samuel A. Hider was the acting director of the housing authority. After being advised by several employees that gasoline was being stolen from the service pumps of the authority, Hider, as the acting executive director, initiated an investigation of the reported gasoline thefts by and through its in-house security agent, a sworn police officer of the City of Atlanta assigned to the authority. From this report Hider learned that Anderson was alleged to have placed into his private automobile approximately 15-20 gallons of gasoline a week during the year 1980. Anderson and his supervisor Van Geter were suspended for violation of a rule or policy concerning the use of the housing authority gasoline at the central maintenance facility. One of Hider's duties was to speak with the press, and he did so from time to time. He spoke to a reporter for the Atlanta Journal with reference to the supervisors (Anderson and Van Geter) being put on suspension.

On the date in question (January 22, 1981) an article was published in the Atlanta Journal with reference to these two department personnel being placed on indefinite suspension "following the theft of gasoline from Atlanta Housing Authority service pumps" as advised to the reporter by the acting executive director Hider that the supervisors were suspended after a two-week investigation by the housing authority's security staff. The article also stated that the investigation began after several employees in the maintenance office had alerted the management of the authority. The article expressly stated that according to Hider "the men did fill their personal vehicles with gas from the service pumps. A check of invoices [for a considerable length of time] indicates the men may have removed an av-

erage of 60 gallons of gas a month from the AHA's [authority's] pumps." Prior to the suspension Hider had met with the two supervisors who freely admitted to the use of gasoline in their personal vehicles when the vehicles were used on the job, the reason for the use of the gasoline being for reimbursement. There was a supervisor's directive not to submit mileage vouchers but to use gasoline as reimbursement for the use of a personal vehicle on the job.

Van Geter brought an action for defamation, and in *Van Geter v. Housing Auth. of Atlanta*, 167 Ga. App. 432 (306 SE2d 707), we affirmed a judgment in favor of the plaintiff resulting from a jury verdict for $100,000. In *Housing Auth. of Atlanta v. Geter*, 252 Ga. 196 (312 SE2d 309), the Supreme Court affirmed in its consideration of procedural grounds only but not upon the merits. Thus, in the case sub judice we are controlled only as to the rulings made in *Van Geter v. Housing Auth. of Atlanta*, 167 Ga. App. 432, supra, as a result of a trial involving the identical facts.

Anderson filed a similar defamation or slander action under OCGA § 51-5-4 (formerly Code § 105-702) against The Housing Authority of the City of Atlanta and Samuel A. Hider seeking vindictive damages under OCGA § 51-12-6 (formerly Code § 105-2003).

Both the defendants jointly answered admitting only jurisdiction and Hider's status as employee of the housing authority but denied that he made the statement to the reporter accusing the defendants of theft or that such statements were made to the reporter for the purpose of improving the public image of The Housing Authority of Atlanta and Hider, or that said statements were made with the approval and knowledge of the housing authority with malice, knowledge of the falsity of the statements and in reckless disregard of whether they were true or false on the facts available to defendant Hider.

The case proceeded to trial based solely on the publication of the above article and based on the vindictive damages statute (OCGA § 51-12-6). At the conclusion of plaintiff's presentation of his case the defendants moved for and the court granted a directed verdict because no evidence was offered that the authority as a public body corporate and politic as contemplated by the terms of OCGA § 8-3-30 had through its board of commissioners either authorized, approved or ratified the alleged slanderous statements, and as to defendant Hider because no evidence was offered from which the jury could conclude that the alleged statements were made with actual malice. Plaintiff appeals. *Held*:

1. In order to recover against the defendants it was necessary that plaintiff prove the slanderous statement was made in violation of OCGA § 51-5-4. Plaintiff's evidence shows that the statement was made to the newspaper reporter, that is, that the plaintiff had been

placed on indefinite suspension "following the theft of gasoline" from the gas pumps, i.e., suspended for "theft of gasoline."

We next proceed to the issue of whether the plaintiff submitted sufficient testimony to show that the statement was made with malice, that is, with knowledge that it was false or with reckless disregard of whether it was false or not. See OCGA § 51-5-7; *Goolsby v. Wilson*, 146 Ga. App. 288, 289 (2) (246 SE2d 371); *Williams v. Trust Co. of Ga.*, 140 Ga. App. 49, 56 (230 SE2d 45); also *Melton v. Bow*, 145 Ga. App. 272, 273 (1) (243 SE2d 590). There was evidence that the defendant Hider (who was serving in a mere acting capacity and seeking a long term appointment as executive director) had information prior to speaking to the press reporter which showed that the plaintiff was not guilty of theft and knew that the investigation was on-going for the purpose of seeing if the charges of misuse of the gasoline would be substantiated. A jury issue is thus formed as to whether defendant Hider made the statement to the press in reckless disregard and exaggeration of the truth. Because the evidence was conflicting as to whether there was malice by reckless disregard and exaggeration of the truth, it is for the jury to determine. See OCGA § 9-11-50 (a); *Green v. Housing Auth. of Atlanta*, 164 Ga. App. 205, 206 (1) (296 SE2d 758); *Barber v. Atlas Concrete Pools*, 155 Ga. App. 118, 119 (2) (270 SE2d 471); *Francis v. Cook*, 248 Ga. 225 (1) (281 SE2d 548). Any constitutional privilege which sheltered defendant Hider in the performance of his duty is lost when malice is shown. See OCGA §§ 51-5-4, 51-5-7, 51-5-9; *Sheftall v. Central of Ga. R. Co.*, 123 Ga. 589 (5) (51 SE 646); *Sherwood v. Boshears*, 157 Ga. App. 542 (278 SE2d 124); *Atlanta Journal Co. v. Doyal*, 82 Ga. App. 321 (2) (3) (4) (60 SE2d 802); *Van Geter v. Housing Auth. of Atlanta*, 167 Ga. App. 432 (2), supra.

A jury would have been authorized from the evidence submitted to find that the defendant Hider had recklessly (if not in deliberate bad faith) accused the plaintiff of "theft" and that as a direct and proximate result of this interview a front page newspaper story was printed. The court erred in directing the verdict in favor of defendant Hider. *Powell v. Ferguson Tile &c. Co.*, 125 Ga. App. 683, 688 (188 SE2d 901); *Gibbs v. Jim Wilson Chevrolet*, 161 Ga. App. 171, 172 (288 SE2d 264); *Camelot Club Condominium Assn. v. Metro Lawns, Inc.*, 161 Ga. App. 574, 575 (3) (288 SE2d 325).

2. "[A] corporation is not liable for the slanderous utterances of an agent acting within the scope of his employment, unless it affirmatively appears that the agent was expressly directed or authorized to slander the plaintiff. See *Russell v. Dailey's, Inc.*, 58 Ga. App. 641 (199 SE 665) (1938)." *Garren v. Southland Corp.*, 237 Ga. 484, 485 (228 SE2d 870). See also *Behre v. Nat. Cash-Register Co.*, 100 Ga. 213 (1) (27 SE 986); *White v. Cudahy Co.*, 130 Ga. App. 64, 65 (1)

(202 SE2d 233); *Gerald v. Ameron Automotive Centers*, 145 Ga. App. 200, 201 (1) (243 SE2d 565). While defendant Hider's duties as acting executive director of defendant Housing Authority of the City of Atlanta included communicating with the press and it appears that the housing authority spoke by and through its director, there is no evidence of express authorization by the housing authority for the statements which are the subject of this litigation. The rule of respondeat superior being inapplicable in the circumstances of the case sub judice the trial court did not err in granting a directed verdict in favor of defendant Housing Authority of the City of Atlanta.

*Judgment affirmed in part and reversed in part. Deen, P. J., and Sognier, J., concur.*

DECIDED JULY 12, 1984 —
REHEARINGS DENIED JULY 25 AND JULY 31, 1984 —

*Jerry B. Hatcher*, for appellant.
*Bernard Parks*, for appellees.