A89A1157. ANDERSON v. THE STATE.
(388 SE2d 351)

CARLEY, Chief Judge.

Appellant was tried before a jury and found guilty of aggravated assault and driving under the influence. He appeals from the judgments of conviction and sentences entered by the trial court on the jury's verdicts of guilt.

1. The State has moved to dismiss this appeal as premature, contending that there are issues still pending before the trial court.

Appellant filed a timely notice of appeal from the judgments of conviction and sentences. Thereafter, he did *not* also make a timely

motion for new trial. Compare *Sharif v. Tidwell Homes*, 252 Ga. 205 (312 SE2d 114) (1984). Instead, *more* than thirty days after the judgments of conviction and sentences had been entered on the jury's verdicts, appellant filed what was, in effect, an extraordinary motion for new trial. The filing of such a motion did not serve to suspend the divestiture of the trial court's jurisdiction that otherwise resulted from the timely filing of appellant's notice of appeal. Compare *Sharif v. Tidwell Homes*, supra. Accordingly, this court has jurisdiction over appellant's appeal from the judgments of conviction and sentences, whereas any future ruling by the trial court on appellant's extraordinary motion for new trial may subsequently be appealable in its own right. See OCGA § 5-6-35 (a) (7). The motion to dismiss is hereby denied.

2. In his sole enumeration, appellant urges that the trial court erred in overruling his motion for mistrial. The motion was predicated upon the alleged misconduct of the prosecutor in deliberately and knowingly eliciting false testimony from the State's key witness and in allowing this false testimony to go to the jury uncorrected.

The record does not reflect any prosecutorial misconduct and appellant's reliance on *Giglio v. United States*, 405 U. S. 150 (92 SC 763, 31 LE2d 104) (1972) is, therefore, misplaced. The record shows quite clearly that the State and appellant were both operating under a mutual mistake of fact, which mistake presumably could have been avoided had appellant conducted a diligent pre-trial investigation. What appellant asserts, in effect, is that, when the witness refused to impeach himself out of his own mouth, it was incumbent upon the State to intercede on appellant's behalf. However, it was appellant's responsibility to present his own case and to be prepared to impeach the State's witnesses. The record shows that, when the State did discover that its witness may not have been totally truthful, it made a full disclosure of that fact to appellant. This certainly does not show that appellant's "conviction was based on the [S]tate's *knowing use of perjured testimony. . . .*" (Emphasis in original.) *Arnold v. State*, 163 Ga. App. 10, 11 (1b) (293 SE2d 501) (1982).

*Giglio v. United States*, supra, and its progeny are further distinguishable in that the "[S]tate's evidence included the incriminating oral statement made by [appellant] on the [morning] of the arrest [that he had shot the victim because the victim was mistreating appellant's son. . . .] Thus, the jury's verdict of guilty here was supported by evidence other than testimony which was objected to." *Echols v. State*, 231 Ga. 633, 636 (1) (203 SE2d 165) (1974). Moreover, the witness has never been convicted of perjury. See OCGA § 17-1-4. "[T]here has been no finding that any perjury was committed, no conviction for perjury and the evidence with reference to perjury did not involve any material statement by the witness as to issues of

fact concerning [appellant's] guilt or innocence." *Arnold v. State*, supra at 12 (1c). The trial court did not err in refusing to grant the motion for mistrial.

*Judgments affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED OCTOBER 20, 1989 —
REHEARING DENIED NOVEMBER 15, 1989.

*Herman A. Watson III, Robert E. Andrews*, for appellant.
*C. Andrew Fuller, District Attorney*, for appellee.