A93A1091, A93A1092. ROCKDALE AWNING & IRON COMPANY, INC. et al. v. KERBOW et al.; and vice versa.
A93A1093, A93A1094. ROCKDALE AWNING & IRON COMPANY, INC. et al. v. KERBOW et al.; and vice versa.
(435 SE2d 619)

POPE, Chief Judge.

Plaintiffs James C. Kerbow and Jean S. Kerbow brought this action seeking damages for personal injuries and loss of consortium against, inter alia, defendant Rockdale Awning & Iron Company, Inc. ("Rockdale"). The jury returned a verdict for plaintiff James Kerbow in the amount of $14,631.61 and on May 6, 1992, the trial court entered judgment accordingly. On May 19, 1992, plaintiffs filed a motion

for new trial on the general grounds and on December 14, 1992 amended their motion to include several specific or special grounds. The trial court denied plaintiffs' motion on December 18, 1992 and on December 31, 1992 plaintiffs moved for reconsideration of the denial of their motion. Rockdale filed a motion to dismiss plaintiffs' motion for reconsideration and a hearing was conducted on both parties' motions on January 13, 1993. On the morning of January 14, 1993 Rockdale filed its notice of appeal from the judgment entered against it on May 6, 1992, and that appeal was docketed in this court as Case No. A93A1091. On the afternoon of January 14, 1993, after Rockdale's notice of appeal had been filed, the trial court entered an order granting plaintiffs a new trial on their motion for reconsideration. On January 29, 1993 plaintiffs filed their cross-appeal to the notice of appeal filed by Rockdale on January 14, which was docketed in this court as Case No. A93A1092. On February 1, 1993 Rockdale filed a notice of appeal from the order granting plaintiffs a new trial and that appeal was docketed in this court as Case No. A93A1093. Plaintiffs filed a cross-appeal in this case also, which was docketed in this court as Case No. A93A1094. We have consolidated the appeals and cross-appeals filed by the parties in this case for review by this court.

*Case Nos. A93A1091, A93A1092*

1. We must first determine our jurisdiction to entertain the appeals and cross-appeals which have been filed in this case. Plaintiffs have filed a motion to dismiss in Case No. A93A1091, arguing that under the authority of *Housing Auth. of Atlanta v. Van Geter*, 252 Ga. 196 (312 SE2d 309) (1984), the notice of appeal filed by Rockdale on the morning of January 14 did not divest the trial court of jurisdiction to rule on plaintiffs' motion for reconsideration of the previous denial of their motion for new trial. Rockdale seeks to distinguish *Van Geter*, arguing that the holding of that case does not apply to the situation presented in the case at bar because the motion pending at the time Rockdale filed its notice of appeal was not a motion for new trial, as was the situation in *Van Geter*, but rather was a motion for reconsideration of a denial of a motion for new trial, which does not extend the time for filing the notice of appeal. Pretermitting whether the holding in *Van Geter* applies under the circumstances here, we find that the lower court had not yet been divested of jurisdiction over the case at the time its order granting plaintiffs a new trial upon motion for reconsideration was entered on the afternoon of January 14. As is pertinent to this appeal, OCGA § 5-6-46 provides that the notice of appeal shall serve as a supersedeas in a civil case "upon payment of all costs." The record in this case shows that Rockdale did not pay costs until January 25, 1993. Consequently, the filing of the

notice of appeal did not serve as a supersedeas and the trial court did not lack jurisdiction to enter the January 14 order granting plaintiffs a new trial. *Chappelaer v. Gen. GMC Trucks*, 130 Ga. App. 664 (204 SE2d 326) (1974); see also *Hooper v. Southern Bell Tel. &c. Co.*, 195 Ga. App. 629, 630 (1) (394 SE2d 798) (1990). Because the effect of the order granting plaintiffs a new trial was to vacate the jury verdict from which Rockdale appeals in Case No. A93A1091, said appeal has been rendered a nullity and must therefore be dismissed and the case remanded to the trial court so that a new trial may be had. Likewise, we also find it unnecessary to consider plaintiffs' cross-appeal, docketed in this court as Case No. A93A1092, as such has been rendered moot by the grant of a new trial and the dismissal of the main appeal in this case. Lastly, plaintiffs' motion for penalty for frivolous appeal is denied.

### Case Nos. A93A1093, A93A1094

2. Rockdale has also filed a notice of appeal from the trial court's order of January 14 granting plaintiffs a new trial, which was docketed in this court as Case No. A93A1093, and plaintiffs have filed a cross-appeal which was docketed in this court as Case No. A93A1094. This court has previously held that the grant of a motion for new trial is not a final judgment within the meaning of OCGA § 5-6-34 (a) (1), and that, therefore, an application for interlocutory review is required to be filed in order to give this court jurisdiction to entertain an appeal under these circumstances. *Murray v. Rozier*, 186 Ga. App. 184 (367 SE2d 886) (1988). It follows that we are without jurisdiction of this direct appeal, and this appeal, as well as plaintiffs' cross-appeal, must also be dismissed.

*Appeals dismissed. Motion for penalties denied. Birdsong, P. J., and Andrews, J., concur.*

DECIDED AUGUST 24, 1993.

*Gorby & Reeves, Michael E. Fisher, Jonathan R. Levine*, for appellants.

*Barksdale, Irwin, Tally & Sharp, David B. Irwin, John M. Hyatt*, for appellees.