# Court of Appeals
# of the State of Georgia

ATLANTA,  October 15, 2019

*The Court of Appeals hereby passes the following order:*

**A19A1308.  JASMINE  LEIGH  DOURESSEAUX  v.  AARON  CHRISTIAN  THOMAS.**

On November 8, 2018, the Superior Court of Cobb County entered a final order granting joint legal and physical custody to the parents of a child. On November 16, 2018, the child's mother, Jasmine Douresseaux ("Appellant"), filed a timely notice of appeal in the trial court. She then filed an emergency motion to stay the appeal, which this Court denied. See Case No. A19E0019 (denied November 20, 2018). On December 3, 2018, Appellant, now proceeding pro se, filed a motion for a new trial in the trial court. As grounds for a new trial, Appellant asserted numerous claims of error, as well as the general grounds. See OCGA §§ 5-5-20 and 5-5-21. Appellant filed an amended motion for new trial on December 5, 2018, and a second amended motion for new trial on January 9, 2019. She filed a proposed rule nisi in connection with each of her motions for new trial. A ruling on the motion for new trial does not appear in the record now before us.

Generally, the filing of a "notice of appeal divests the trial court of jurisdiction to supplement, amend, alter, or modify the judgment while the appeal of that judgment remains pending." *McLeod v. Clements*, 306 Ga. App. 355, 357 (2) (702 SE2d 638) (2010) (citations omitted). In *Housing Auth. of Atlanta v. Geter*, 252 Ga. 196, 196 (312 SE2d 309) (1984), our Supreme Court considered "the unique question of the effect of a notice of appeal upon a subsequent motion for new trial which is filed within the statutory period." In resolving this question, the Supreme Court held:

In the event a motion for new trial is timely filed . . . , the effectiveness

of the divestiture of jurisdiction is then delayed until the motion for new trial is ruled upon and a notice of appeal to the ruling has been filed or the period for appealing the ruling has expired.

Id. at 197. This holding is particularly instructive where the movant seeks a new trial on the general grounds, given the "substantial discretion" of a trial judge to grant a new trial on those grounds. *White v. State*, 293 Ga. 523, 525 (2) (753 SE2d 115) (2013).

In the instant case, Appellant filed her motion for new trial within the statutory period. See OCGA § 5-5-40 (a) ("[a]ll motions for new trial . . . shall be made within 30 days of the entry of the judgment . . ."). Given the Supreme Court's holding in *Geter*, and in recognition of the substantial discretion of a trial judge to grant a new trial on the general grounds, we conclude that remand is appropriate in this case.

Therefore, we REMAND this case to the trial court to allow that court to rule on Appellant's motion for new trial.



Court of Appeals of the State of Georgia

Clerk's Office, Atlanta, _10/15/2019_____

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.



_____ , *Clerk.*