### 62088. DORSEY et al. v. WEST et al.

BANKE, Judge.

The appellants sued to obtain relief from a note and secondary security deed executed to the appellees, contending that the loan was usurious under Code Ann. § 57-202 as it existed at the time the note was executed. They sought a declaration that the note and security deed were void as well as the return of all payments made. The appellees concede that the note is in technical violation of the appliable usury statutes but contend that they are at least entitled to return of the principal. They have counterclaimed accordingly.

The note was executed on April 18, 1973, and called for payment of interest at the rate of 9 percent per annum. Under Code Ann. § 57-202 (d) as it existed in 1973, the maximum interest charge allowable on a note secured by a secondary security deed was either 6 percent per annum, if computed by the "add-on" method, or 8 percent per annum, if computed on the unpaid balance (i.e., as simple interest). Ga. L. 1966, pp. 574, 576; 1967, pp. 637, 638. The statute has since been amended to delete the 8-percent simple interest limitation, and the current statute merely prohibits the charge of any effective interest rate greater than 6-percent "add-on." Ga. L. 1979, p. 1281.

The appellees contend that they charged 9-percent simple interest rather than 8 percent because of a good-faith mistake as to the applicable law and that because of their good faith they have not forfeited their right to recover the unpaid principal. As it existed in 1973, Code Ann. § 57-203 (a) provided as follows: "If any loan secured by a secondary security deed on real estate is made in violation of the provisions of this Chapter, except as a result of a bona fide error, the lender shall forfeit the entire principal amount of the loan plus interest and other charges. In addition thereto, the lender shall also refund any payments on the loan which have been made by the borrower." Ga. L. 1966, pp. 574, 577. Under the section as it exists now, the only penalty for an excessive interest charge is forfeiture of

interest, although forfeiture of principal may still result where the lender imposes an excessive charge of any other type. See Ga. L. 1976, pp. 726, 727.

Following a non-jury trial, the court awarded the appellees judgment for the principal amount of the indebtedness, less all payments previously made by the appellants. In a previous appearance of this appeal, we remanded the case for entry of findings of fact and conclusions of law. *Dorsey v. West,* 156 Ga. App. 142 (273 SE2d 922) (1980). The case is now before us upon compliance with that order. *Held:*

1. In *Maynard v. Marshall,* 91 Ga. 840 (2) (18 SE 403) (1893), the Supreme Court held that where a statutory forfeiture provision is in effect at the time a usurious loan transaction takes place, the statute continues to apply to the borrower's benefit even though it is subsequently amended to ameliorate the penalty. Accord *Crane v. Goodwin,* 77 Ga. 362 (2) (1886). This holding was reaffirmed in the recent case of *Southern Discount Co. v. Ector,* 246 Ga. 30 (268 SE2d 621) (1980), wherein the Supreme Court held that a pre-1978 loan made pursuant to the Industrial Loan Act was subject to a 1978 statutory amendment providing the lender with a good-faith defense to the penalties which would otherwise have applied for violation of the Act. This holding was based on the general rule that statutes relieving against penalties and forfeitures should be liberally construed so as to afford maximum relief. Although the same principle would otherwise appear to be applicable to the case before us now, the court specifically distinguished *Maynard v. Marshall,* supra, based on the fact that the penalty at issue there "merely was ameliorated rather than lifted by the subsequent legislation." *Southern Discount,* supra, at 31. The statutory amendment to Code Ann. § 57-203 (a) with which we are concerned in this case was also ameliorative in its effect — although it eliminated the provision for forfeiture of principal upon an overcharge of interest, it left intact the provision for forfeiture of interest. We are thus constrained to hold that the forfeiture provisions of the 1966 statute continue to apply to this loan.

The cases cited by the appellees in support of the general rule that statutory penalties may be abolished retroactively are not apposite, as the penalties in those cases did not arise out of contractual relationships but arose purely from operation of law. Thus, they did not give rise to vested rights. See *Kelly v. Hall,* 191 Ga. 470 (2) (12 SE2d 881) (1941). See also *Bank of St. Mary's v. State of Ga.,* 12 Ga. 475 (1852); *Woodburn v. Western Union Tel. Co.,* 95 Ga. 808 (23 SE 116) (1894).

2. We reject the appellees' contention that Code Ann. § 57-203

excuses usurious interest charges which result from bona fide errors of law. The statute by its terms exempts only those violations resulting from "bona fide error." This clearly refers only to clerical errors, as otherwise the exemption could be invoked in every case. Accord *Bank of Lumpkin v. Farmers' State Bank,* 161 Ga. 801, 810-811 (132 SE 221) (1926); *Holt v. Rickett,* 143 Ga. App. 337 (3), 339-340 (238 SE2d 706) (1977). The appellees concede that the 9-percent interest rate, which was clearly stated on the face of the note and which was reflected in the repayment schedule, did not result from a clerical error.

3. The fact that the appellees could lawfully have obtained more interest from the appellants over the full term of the contract by charging them 6-percent "add-on" interest rather than 9-percent simple interest does not obviate the violation. Former Code Ann. § 57-203 (Ga L. 1966, pp. 574, 576; 1967, pp. 637, 638) specifically prohibited the charge of simple interest at a rate greater than 8 percent per annum. We may not construe this prohibition as being meaningless simply because an alternate rate of charge was available which would have yielded additional interest over the full term of the loan. See generally *City of Gainesville v. Smith,* 121 Ga. App. 117 (2) (173 SE2d 225) (1970); *Cofer v. Gurley,* 146 Ga. App. 420, 422 (246 SE2d 436) (1978).

4. For the foregoing reasons, the judgment of the trial court is reversed, and the case is remanded with direction that judgment be entered in favor of the appellants for the amount which they have paid to the appellees on this indebtedness.

*Judgment reversed and remanded with direction. Carley, J., concurs. Deen, P. J., concurs in the judgment only.*

DECIDED JULY 2, 1981 —
REHEARING DENIED JULY 13, 1981

*Michael C. Ford,* for appellants.
*Durwood T. Pye,* for appellees.