### 37857. WEST et al. v. DORSEY et al.

WELTNER, Justice.

We granted certiorari to distinguish between *Southern Discount Co. v. Ector,* 246 Ga. 30 (268 SE2d 621) (1980), and *Maynard v. Marshall,* 91 Ga. 840 (18 SE 403) (1893), as to whether an amended penalty statute should apply retroactively to a usurious loan. This issue need not be addressed, however, as we hold that the 1976 amendment to the Secondary Security Deed Act did not alter the penalty for excessive interest charges. Ga. L. 1976, pp. 726, 727, amending Ga. L. 1966, pp. 574, 577; Code Ann. § 57-203 (a).

The borrowers executed a promissory note in 1973, secured by a secondary security deed, and providing for 9 percent per annum simple interest and a 10 percent "rate of charge." The lenders concede that charging 9 percent simple interest is a violation of the Secondary Security Deed Act, as the Act at that time allowed a maximum of either 8 percent simple interest or 6 percent "add-on" interest (in addition to a 10 percent "rate of charge"). *Dorsey v. West,* 159 Ga. App. 274 (283 SE2d 314) (1981).

When the note was executed, the penalty for any violation of the Secondary Security Deed Act was total forfeiture of the principal, interest, and other charges. Ga. L. 1966, pp. 574, 577; Code Ann. § 57-203 (a).[1] The Act was amended in 1976, so that total forfeiture results only from an unauthorized "charge." Code Ann. § 57-203 (a) (i). For any other violation, the lender is penalized solely by loss of the

---

[1] The 1966 version of Code Ann. § 57-203 provided: "If any loan secured by a secondary security deed on real estate is made in violation of the provisions of this Act, except as a result of a bona fide error, the lender shall forfeit the entire principal amount of the loan plus interest and other charges. In addition thereto, the lender shall also refund any payments on the loan which have been made by the borrower.

(b) Any agreement whereby the borrower waives the benefits of this Act or

interest. Code Ann. § 57-203 (a) (ii).[2]

We affirm the holding of the Court of Appeals that the 9 percent interest rate is usurious, and that the penalty is total forfeiture of the principal, interest and other charges under the older version of the law. However, we disagree with its holding that under the amended Act, usurious interest results in the forfeiture of the interest only. Therefore, we do not reach the question of whether an amendment lessening a penalty should apply retroactively.

Because the Act as amended provides for total forfeiture for any unauthorized "charge," the issue here becomes whether the term "charge" includes interest. In construing the statute, we look to other uses of the word "charge" within the Act, to the intent of the General Assembly, and to public policy relative to usury.

The phrase "interest and other charges" in the amended penalty provision, Code Ann. § 57-203 (a) (i), must mean that "charge" is a generic term encompassing "interest." Further, the use of the phrase "interest charge" in Code Ann. § 57-202 (a) enforces the conclusion that "interest" is a type of "charge," and that within the context of this subsection, a clear line is drawn between "charge," which includes interest, and "rate of charge," which excludes interest ("'[R]ate of charge' shall not be construed as an interest charge or as including interest. . . .").[3]

---

releases any rights he may have acquired by virtue thereof shall be deemed to be against public policy and void."

[2] The amended version of Code Ann. § 57-203 provides: "(a) If any loan secured by a secondary security deed on real estate is made in violation of the provisions of this Chapter:

(i) by the contracting for, charging, receiving or collecting any charge in excess of those expressly allowed by this Act, except as a result of a bona fide error, the lender shall forfeit the entire principal amount of the loan plus interest and other charges. In addition thereto, the lender shall also refund any payments on the loan which have been made by the borrower.

(ii) when the violation is other than those violations set out in paragraph (i) above, and is not a result of a bona fide error, the lender shall forfeit the entire interest so charged or taken, or contracted to be reserved, charged or taken. No further penalty or forfeiture shall be occasioned, suffered or allowed.

(b) Any agreement whereby the borrower waives the benefits of this Chapter or releases any rights he may have acquired by virtue thereof shall be deemed to be against public policy and void."

[3] Code Ann. § 57-202 (a), Ga. L. 1966, pp. 574, 576, as amended, provides: "The 'rate of charge,' as used in this Chapter, shall be construed as a fee and service charge of the lender which may be charged, taken, received and retained by the lender, whether or not paid by the lender, in whole or in any part, to others, in lieu of any separate charge for any type of compensation, consideration or expense, or for any other purpose whatsoever, arising in respect of the loan, except those permitted in subsections (b), (c) and (d) of this section including by whatsoever name called, but not by way of

Code Ann. § 57-202 (a) also distinguishes between "interest" and "rate of charge" as two kinds of "charges" in providing that the " 'rate of charge' . . . may be charged . . . in lieu of any separate charge . . . except those permitted in subsections (b), (c), or (d) of this section . . ." The "separate charge" which is permitted in subsection (d) is interest.

"In all interpretations the courts shall look diligently for the intention of the General Assembly, keeping in view, at all times, the old law, the evil, and the remedy." Code Ann. § 102-102 (9). In the Secondary Security Deed Act, a maximum "rate of charge" and a maximum interest are fixed by law. It is not logical to suppose that the General Assembly would prescribe a heavy penalty for violation of the one, and a mild penalty for the other. The soundest interpretation of the amended statute is that both excessive interest and excessive "rate of charge" result in a total forfeiture of the principal, interest and other charges, and that a lesser penalty is assigned to other violations — substantially less significant — such as noncompliance with the closing statement disclosure requirements in Code Ann. § 57-204. Ga. L. 1966, pp. 574, 577.

Finally, in construing this Act, we look to an historical aversion to usury. For an early history of the usury laws in Georgia, see *Union Savings Bank &c. Co. v. Dottenheim,* 107 Ga. 606, 610 (34 SE 217) (1899): "In 1759 the legislature of the province, in an act which in its preamble declared that 'the high rate of interest' in the province of Georgia was greatly prejudicial to the welfare of the planters and others, provided . . ." for a maximum interest rate and a treble damage penalty. In *McGehee v. Petree,* 165 Ga. 492 (141 SE 206) (1927), this Court stated that "[i]t is the policy of the laws of this State to inhibit the taking of usury under every and any pretense or contrivance whatsoever. . . . *Troutman v. Barnett,* 9 Ga. 30, 35 [1850]."

We hold that interest is a "charge" within the meaning of Code Ann. § 57-203 (a) (i), and that the penalty for usurious interest is forfeiture of the entire principal, plus interest and other charges.

*Judgment affirmed in part and reversed in part. All the Justices concur, except Smith, J., who dissents.*

---

limitation, title searches, title reports, title opinions, title guarantees, credit reports, investigation cost, preparation of instruments, placement or discount fees, brokerage fees, recordings, appraisals, insurance of any nature except as provided in subsection (b) of this section, and closing costs, but said 'rate of charge' shall not be construed as an interest charge or as including interest, and interest may be charged in addition thereto upon the principal amount of the loan as defined herein at any rate authorized in this Chapter."

DECIDED JANUARY 6, 1982 —
REHEARING DENIED JANUARY 26, 1982.

*Durwood T. Pye,* for appellants.
*Michael C. Ford,* for appellees.
*Elizabeth Coleman-Stroup, Charles M. Baird, Steven Gottlieb,* amicus curiae.