## 40164. DORSEY et al. v. WEST et al.

GREGORY, Justice.

In April 1973, the Wests loaned the Dorseys $9,000 at an interest rate of 9%, securing the loan by secondary security deeds. The Dorseys eventually defaulted on the loan. Subsequently they filed suit against the Wests, alleging the loan was usurious under former Code Ann. § 57-201, Ga. Laws 1966, pp. 574, 576; 1967, p. 637; 1968, p. 1068. The Wests conceded the loan was in "technical violation" of the law, but counterclaimed for return of the principal, maintaining a "bona fide error" had resulted in the charging of excessive interest. See, former Code Ann. § 57-203(a), Ga. Laws 1966, pp. 574, 577; 1976, pp. 726, 727.

The trial court granted the Wests' motion for summary judgment, awarding them the principal amount of the indebtedness, less any payments previously made by the Dorseys. The Court of Appeals reversed, "remand[ing] with direction that judgment be entered in favor of the [Dorseys] for the amount which they have paid to the [Wests] on this indebtedness." *Dorsey v. West,* 159 Ga. App. 274, 276 (283 SE2d 314) (1981). This court granted certiorari, and "affirm[ed] the holding of the Court of Appeals that the 9 percent interest rate is usurious, and that the penalty is total forfeiture of the principal, interest and other charges under the older version of the law," but differed with the Court of Appeals on the interpretation given to the term "charge" as used in the Act.[1] *West v. Dorsey,* 248 Ga.

---

[1] At the time the parties made the loan, the penalty for usury was total forfeiture of principal, interest and other charges. Ga. L. 1966, pp. 574, 577; former Code Ann. § 57-203(a), supra. This Act was amended in 1976. In *West v. Dorsey,* 248 Ga. at 791-2, this court reversed the Court of Appeals' holding "that under the amended Act, usurious interest results in the forfeiture of the interest only." Rather, we found that the "soundest interpretation of the amended statute is that both excessive interest and excessive 'rate of charge' result in a total forfeiture of the principal, interest and other charges."

790, 791 (285 SE2d 703) (1982). The Court of Appeals then vacated its opinion to the extent it was inconsistent with this court's ruling in 248 Ga. 790. The Court of Appeals found, however, that "[o]ur prior judgment, reversing the judgment of the trial court and remanding the case with direction to enter judgment in favor of the [Dorseys] for the amount paid by them on the indebtedness, remains unchanged." *Dorsey v. West,* 161 Ga. App. 253 (289 SE2d 827) (1982).

When the trial court received the remittitur from the Court of Appeals, it did not enter a money judgment in favor of the Dorseys, but instead, on March 5, 1982, entered an order "that the judgment of the Court of Appeals of the State of Georgia in [this] case be, and the same is hereby, made the judgment of this court."

During the 1982 Session the Georgia legislature passed an act governing loans secured by secondary security deeds, made effective April 12, 1982, which provided, in part, "on loans of $5,000 or more . . . [t]he claim or defense of usury by any borrower under this Code section . . . is prohibited." Ga. Laws 1982, pp. 488, 490. In August 1982, the Wests brought this act to the attention of the trial court, maintaining that the trial court had not rendered a final judgment in the case and that Georgia Laws 1982, pp. 488, 490 now applied to bar the Dorseys' claim. On August 31, 1982 the trial court entered an order requiring the Wests to return to the Dorseys $2,013.81[2] as the sum paid on the loan.

The Wests appealed to the Court of Appeals. That court reversed, finding the trial court's March 5, 1982 order "making the judgment of the Court of Appeals . . . the judgment of [the trial] court" was not a final judgment. The Court of Appeals held that until such time as the trial court entered a judgment awarding the Dorseys a sum certain as the penalty for violation of the statute, there could be no final judgment in the case. As the trial court "did not comply with the direction" of the Court of Appeals before the act lifting the penalty for usury took effect, and as there is no vested right in a penalty, *Southern Discount Co. of Ga. v. Ector,* 246 Ga. 30, 31 (268 SE2d 621) (1980), the Court of Appeals concluded that the Wests "[could] except to [the trial court's August 31, 1982 imposition of the penalty] merely on the basis that the law had changed before the penalty was assessed by final judgment and the Dorseys were not entitled to it." *West v. Dorsey,* 167 Ga. App. 233, 237 (305 SE2d

---

[2] The Court of Appeals points out in its most recent opinion in this case that it is "without dispute . . . that the Dorseys had paid $2,013.81 on the loan." *West v. Dorsey,* 167 Ga. App. 233, 235 (305 SE2d 840) (1983).

840) (1983).

We do not agree. While it is true that the *amount* of the judgment under the forfeiture statute in effect in 1973 had not been calculated, the issue of whether a forfeiture was appropriate under the statute had been finally determined by this court in *West v. Dorsey,* 248 Ga. 790 (285 SE2d 703) (1982). Our decision left no other matters open for resolution with regard to the issue of forfeiture. Rather, the decision became "final" following our denial of the motion for rehearing on January 26, 1982.[3] See, e.g., *Cotton States Mut. Ins. Co. v. McFather,* 251 Ga. 739 (3) (309 SE2d 799) (1983); *Colwell v. Voyager Cas. Ins. Co.,* 251 Ga. 744 (309 SE2d 617), Note 6 (1983). Once these parties litigated the issue of forfeiture to a final conclusion, i.e., one that could no longer be appealed, a change in the controlling legislation could not affect the substantive rights the Dorseys gained by that judicial resolution, even when those rights involved a penalty or forfeiture.[4] The decision of the Court of Appeals in case number 65727 is reversed. The judgment of the trial court requiring the Wests to pay $2,013.81 to the Dorseys is affirmed.

*Judgment reversed. All the Justices concur, except Smith, J., who dissents.*

DECIDED JANUARY 31, 1984 —
REHEARING DENIED FEBRUARY 15, 1984.

*Ford & Ford, Michael C. Ford,* for appellants.
*Durwood T. Pye,* for appellees.
*John B. Long, Thomas W. Tucker, Paul Kauffmann, Steven Gottlieb, W. Rhett Tanner,* amici curiae.

---

[3] No application for certiorari was made to the United States Supreme Court.

[4] After much deliberation we conclude this is the better rule. The rule set out by the Court of Appeals might tend to initiate a race between the enactment of legislation and the rendering of court decisions which, we believe, would be inappropriate. We also recognize the possibility that under the Court of Appeals' decision a trial court could delay entry on an order while awaiting an imminent change in the controlling statute, and thereby alter the substantive rights of the parties in a lawsuit.