**Kenneth M. HENSON,
Plaintiff-Appellant,**

v.

**COLUMBUS BANK & TRUST COMPANY, Defendant-Appellee.**

No. 84–8687.

United States Court of Appeals,
Eleventh Circuit.

Sept. 17, 1985.

---

Tom W. Daniel, Perry, Ga., Ken Henson, Jr., Columbus, Ga., Carlton M. Henson, II, Atlanta, Ga., for plaintiff-appellant.

W.M. Page, Columbus, Ga., W. Rhett Tanner, Atlanta, Ga., for defendant-appellee.

Before TJOFLAT and VANCE, Circuit Judges, and ATKINS *, District Judge.

VANCE, Circuit Judge:

This case comes to us following a grant of summary judgment in favor of the defendant, Columbus Bank & Trust (CB & T). On appeal Henson alleges that the district court: (1) erred in granting summary judgment in favor of CB & T on the state law usury claim; (2) abused its discretion in refusing to allow Henson to amend his complaint to include claims for conversion, outrage, civil RICO, malicious use of process, and abuse of process; and (3) abused its discretion in denying Henson discovery of the hours spent and rates charged by the defendant's attorneys in this litigation and in setting his fees award at $12,715. We affirm the district court's denial of Henson's motions to amend, reverse its grant of summary judgment in favor of CB & T and grant summary judgment in favor of Henson, and remand for further discovery and hearings on Henson's attorneys' fees petition.

Between 1968 and 1971 Kenneth Henson, a lawyer, borrowed money from CB & T on eleven different occasions. In each instance, Henson executed a demand note in favor of CB & T. In July 1971, the total principal balance represented by the eleven notes was $117,122.25. This balance remained unchanged until the spring of 1975. Each of the eleven notes was secured by a security deed on Henson's residence, and

---

* Honorable C. Clyde Atkins, U.S. District Judge for the Southern District of Florida, sitting by designation.

some were also secured by Henson's stock holdings.

CB & T set the interest on each note at one-half point over its then current prime interest rate. Whenever the prime rate changed, CB & T notified Henson by mail that the interest rate on each of his notes had been altered accordingly. Henson was not sent a separate notice as to each note, but rather, received a single notice as to all eleven notes. Henson paid the quarterly interest on all eleven notes with one check.

On July 5, 1973, the interest rate on the notes exceeded nine percent for the first time. On July 5, 1974, the rate peaked at thirteen percent. In April 1975 the rate dropped back to nine percent. During the time period in which the rate on the notes exceeded nine percent, Georgia law specified that nine percent was the maximum rate generally applicable to loans secured by real estate. *See* Ga.Code Ann. § 57–101.1 (repealed 1983).[1] Section 57–119 of the Georgia Code[2] was also in effect at that time. It removed the nine percent rate ceiling on loans or forbearances exceeding $100,000 in certain situations.

Until December 1974, Henson at all times made his quarterly interest payments in a timely fashion. On December 31, 1974, he did not make his quarterly interest payment. He also failed to make the March 31, 1975, payment when due. At some point during those three months, Henson notified CB & T that the interest rate being charged on the notes was usurious.

On May 23, 1975, CB & T demanded that Henson pay the notes by filing suit in the Superior Court of Muscogee County, Georgia. On May 30, 1975, Henson paid CB & T the principal and accumulated interest on all eleven demand notes without responding to the lawsuit. On June 25, 1975, Henson filed this suit against CB & T in federal district court. The complaint alleged that CB & T had: (1) violated the Truth-in-Lending Act (TIL), 15 U.S.C. §§ 1601–1693; (2) knowingly charged and received a rate of interest in excess of the maximum rate allowed by Congress; (3) knowingly charged and received a rate of interest in excess of the maximum rate allowed by Georgia; (4) breached the contract as to all eleven notes by charging a rate of interest on the notes in excess of the initial contracted rate without Henson's consent; and (5) done all the alleged acts in bad faith. The district court chose not to exercise pendent jurisdiction over the state law claims and dismissed them without prejudice.

Henson then filed suit raising essentially the same claims in the Superior Court of Muscogee County, Georgia. CB & T moved for summary judgment on several grounds. The superior court granted that motion, finding that the statute of limitations had run on Henson's TIL and state usury claims and that CB & T was entitled to a judgment on the merits on the remain-

1. Section 57–101.1 provided that:
   (a) Notwithstanding any other provisions of this Code, Title, or any other Acts to the contrary, the maximum rate of interest of eight per cent. per annum shall not be applicable and the legal maximum rate shall be nine per cent. per annum in transactions where the security given for any loan, charge, reserve, advance of money, or forbearance to enforce collection of money, is or includes real property or an interest therein....
   Ga.Code Ann. § 57–101.1(a), *recodified at* Ga. Code Ann. § 7–4–3 (repealed 1983).

2. Section 57–119 provided that
   Notwithstanding any contrary provision of law, any person ... may in writing agree to pay, and may pay, such rate of interest as such person may determine, contract for, or agree to, on any loan, any advance of money, any forbearance to enforce a claim for the collection of money, any purchase price, any installment obligation or any obligation under which the principal balance to be repaid is $100,000 or more, or on any series of advances of money pursuant to a loan agreement or undertaking if the total principal balance to be repaid thereunder shall originally be $100,000 or more, or on any extension or renewal thereof, and as to any such transaction the claim or defense of usury by such person or its successor or anyone in its behalf is prohibited. There shall be no restrictions on the amount of interest which may be paid under the laws of the State of Georgia on any loan of $100,000 or more.
   Ga.Code Ann. § 57–119 (recodified at Ga.Code Ann. § 7–4–7).

ing claims. This decision was affirmed on appeal. *Henson v. Columbus Bank & Trust Co.*, 144 Ga.App. 80, 240 S.E.2d 284 (1977).

After the unsuccessful appeal, Henson returned to federal district court and moved the court to reconsider its refusal to exercise pendent jurisdiction over his state usury claim. Henson asserted that the district court should not have dismissed the usury claim when it did because the state statute of limitations had already run, thereby barring its subsequent litigation in the Georgia courts. Henson argued that under the circumstances the district court was duty-bound to exercise pendent jurisdiction over the claim. The district court denied the motion without stating its reasons.

The case proceeded to trial on the TIL claims and a jury found in favor of Henson on seven of the eleven violations alleged. In compliance with the statute, the district court assessed seven $1,000 penalties against CB & T. During the course of the litigation Henson had employed two different law firms and, counting himself, six attorneys. The six petitioned for attorneys' fees and submitted affidavits showing that they had spent almost 1000 hours litigating the federal aspects of the case. They requested $50 an hour as compensation. After refusing to hold a hearing on the issue, the district court set the total fees at $4,773.

Henson appealed to this court contending, among other things, that the district court should have exercised pendent jurisdiction over his state law usury claim, and that the district court should have held a hearing on the attorneys' fees issue. We held that the district court erred in refusing to grant Henson's motion for reconsideration on the pendent jurisdiction issue and in refusing to hold a hearing on attorneys' fees. *Henson v. Columbus Bank and Trust Co.*, 651 F.2d 320 (5th Cir. Unit B 1981). We remanded the case with instructions that the district court exercise its pendent jurisdiction over Henson's state

law usury claim, *id.* at 323–25, and hold a hearing to determine fees, *id.* at 329–30.

After the remand, Henson attempted to amend his complaint to allege theories of recovery based on conversion, intentional infliction of emotional distress, malicious use of process, abuse of process, and civil RICO. The trial court refused to allow any amendments. In preparation for the hearing on the attorneys' fees issue, Henson sought to discover the hours spent on the case by CB & T's lawyers. The trial court refused to allow such discovery and, after holding a hearing, awarded Henson $12,-715 in attorneys' fees. After both parties moved for summary judgment on the usury claim, the district court granted summary judgment in favor of CB & T.

The court offered alternative rationales for its summary judgment decision. First, the district court did not read this court's opinion as specifically instructing it to consider Henson's usury claim. Rather, it narrowly construed our opinion as requiring it only to reconsider its initial refusal to exercise pendent jurisdiction. At that time the state statute of limitations had run and would preclude litigation in the state courts.

Recognizing, however, that this court's decision may have intended for it to consider the state claim, the district court then considered the merits of Henson's usury claim. The court found CB & T was entitled to summary judgment for three reasons. First, the court held that the doctrine of res judicata prevented Henson from pursuing this claim in federal court because the Georgia state courts had reached the merits of this claim in their earlier decisions. Second, the court concluded that section 57–119 of the Georgia Code, not section 57–101.1, applied to the debt in question and that CB & T had therefore not violated Georgia law by charging and receiving interest in excess of 9 percent. Last, the court concluded that Henson's usury claim must fail because he had failed to introduce any evidence of usurious intent on the part of CB & T.

On this appeal, Henson alleges that the district court erred: (1) in granting summary judgment in favor of CB & T and in refusing to grant summary judgment in his favor; (2) in denying his motions to amend his complaint; and (3) in refusing to allow discovery of the hours spent and billed by CB & T's attorneys, and in awarding Henson only $12,715 in fees. We conclude that the district court erred in granting summary judgment in favor of CB & T and in failing to grant summary judgment in favor of Henson. We agree that the district court properly denied Henson's motions to amend his complaint. Finally, we conclude that the court erred in denying Henson's request for discovery of the hours spent and rates billed by CB & T's attorneys.

(1)

In rendering its decision on Henson's usury claim, the district court construed this court's original opinion as requiring only that it reconsider its refusal to exercise pendent jurisdiction over the claim. After its reconsideration, the trial court stated that it would again decline to exercise pendent jurisdiction over the claim. This decision was in direct contravention of our earlier opinion.

■ In our original opinion we held:

We need not decide whether the district court was correct in initially declining pendent jurisdiction, since it is clear that the court should have granted Henson's motion for reconsideration. The basis for that motion was, of course, that Henson was time-barred from using the Georgia courts to litigate his claim. *We have previously held that in such circumstances, a court should exercise pendent jurisdiction:* "That a plaintiff's state law claims will be time-barred if dismissed is certainly a factor, if not a determinative factor, a district court should consider in deciding whether to maintain jurisdiction over pendent state claims ...." *Pharo v. Smith,* 625 F.2d 1226, 1227 (5th Cir.1980). *See also O'Brien v. Continental Illinois Nation-*

*al Bank and Trust Co.,* 593 F.2d 54, 63–65 (7th Cir.1979). In the case before us, Henson's claims were time-barred, and we therefore conclude the district court should have granted Henson's motion for reconsideration.

*Henson v. Columbus Bank and Trust Co.,* 651 F.2d at 325 (emphasis added). We thought it clear that we intended the district court to exercise pendent jurisdiction and consider the merits of Henson's usury claim. To remove any question, we now reiterate that because Henson's claims were time-barred when the district court initially declined to exercise pendent jurisdiction over them, the district court should have granted Henson's motion for reconsideration and considered the merits of his usury claim.

In an abundance of caution, the district court did consider the merits of Henson's usury claim and granted summary judgment in favor of CB & T. On appeal, Henson argues that the court erred in granting CB & T's motion and in refusing to grant summary judgment in his favor. First, Henson contends that it was improper for the district court to find that the Georgia state court judgments were res judicata as to his usury claim. Second, he contends that the court erred in applying section 57–119 of the Georgia Code to the transactions involved since they are clearly not within the bounds of the statute. Henson finally contends that CB & T's usurious intent has been established because the uncontradicted evidence shows that they willfully charged and received a rate of interest which exceeded the applicable statutory limits. We agree with all three contentions.

The district court's holding that Henson's usury claim was barred by the doctrine of res judicata because of the prior Georgia state court judgments conflicts with our earlier opinion. While we did not address this issue directly in our discussion of Henson's usury claim, we thought it implicit in

our directive ordering the district court to grant Henson's motion for reconsideration that we had concluded there was no res judicata problem. Indeed, in our first opinion we rejected the precise argument now being made by CB & T with respect to the TIL claims.

■ When this case was before us on prior appeal, CB & T argued on cross-appeal that the state court judgments on the TIL claims meant that those claims were barred by res judicata. After finding that the TIL claims asserted by Henson in both his federal and state court complaints were identical, we rejected this argument because we concluded that the state court judgments on the TIL claims were based solely on the determination that the claims were barred by the statute of limitations. *Henson v. Columbus Bank and Trust Co.,* 651 F.2d at 324–25. As we stated there, a state court's decision to dismiss a claim on the basis of the statute of limitations is not a decision on the merits and does not operate as a bar to litigation of the claim in a case previously filed in federal court. *Id.* at 324 (citing *Jimenez v. Toledo,* 576 F.2d 402 (1st Cir.1978)).

■ Similarly, the state courts' dismissals of Henson's usury claim also were based solely on the statute of limitations, and not the merits. *See Henson v. Columbus Bank & Trust Co.,* 240 S.E.2d at 287–88. Because there was no decision on the merits, litigation of the usury claims in the federal courts is appropriate.

■ We likewise agree with Henson's contention that the district court erred in applying Georgia Code section 57–119 to the transactions in question. Section 57–119, as it read at the time of these transactions, allowed parties to contract for interest in excess of nine percent on loans or forbearances to enforce a claim for the collection of money when the principal balance to be repaid was $100,000 or more. CB & T argues that even though these loans were made in eleven separate transactions, because the loans were represented by de-

mand notes, they in fact came to represent a single debt of $117,122.25. CB & T asserts that because demand notes are by their very nature "past due," they are the equivalent of a claim for the collection of money. Each quarter when CB & T sent Henson his quarterly interest statement, it contends it was in fact sending him an offer of forbearance until the next quarterly interest payment was due. His payment of the quarterly interest, according to CB & T, evidenced his acceptance of its offer. Because section 57–119 allowed parties to agree to pay and to pay interest in excess of nine percent on any forbearance to enforce a claim to collect money in excess of $100,000, CB & T argues that this transaction was not usurious.

Henson counters that the Georgia courts have already rejected an argument which is legally indistinguishable from the one advanced here by CB & T. *See Citizens & Southern South DeKalb Bank v. Watkins,* 236 Ga. 759, 225 S.E.2d 266, 267–68 (1976). Henson contends that the eleven loans were eleven separate transactions. *Watkins,* he argues, establishes conclusively that section 57–119 does not allow the aggregation of debt from separate transactions in order to meet the statute's $100,000 debt requirement. Henson disagrees with the district court's finding that the Bank's conduct each quarter amounted to a forbearance to enforce a claim for money. He argues that even if the Bank's conduct did constitute a forbearance, section 57–119 would still be inapplicable because each quarter there would in fact have been eleven separate forbearances, none of which exceeded $100,000.

We agree with Henson's assertion that the trial court erred in finding that section 57–119 was applicable to the facts before the court. There is no question that there were eleven separate loans and notes involved here. Regardless of how CB & T's accounting records treated the debt and regardless of whether Henson paid the interest on all eleven notes with one check, they represented eleven separate transactions. CB & T at any time could have called in one of the notes without affecting

any of the other ten. Similarly Henson could have paid off any one of the notes at any time without affecting either party's rights under the other ten. Henson is thus correct in asserting that even if CB & T's interest statement could be considered a forbearance, and we do not believe it could,[3] there were in fact eleven separate forbearances, none of which amounted to $100,000. The logical extension of *Watkins* is that if the bank cannot aggregate loans to come up with a $100,000 debt, neither can it aggregate forbearances to meet the statute's $100,000 debt requirement.

We therefore conclude that section 57–119 cannot apply and that any interest charged and received in excess of nine percent was in fact usurious under the state law then applicable. *See* Ga.Code Ann. § 57–101.1.

The district court also rested its grant of summary judgment on its finding that Henson had failed to present any evidence of usurious intent on CB & T's part. The court found that considering the course of dealings between the parties over the years and the circumstances presented, usurious intent could not be imputed to CB & T. The court found that CB & T's mistaken reliance on section 57–119, coupled with the fact that the total debt exceeded $100,000, conclusively established that CB & T lacked usurious intent.

■ Henson argues that usurious intent can be presumed here since the first three elements of usury are expressed on the face of the notes. Under Georgia law a loan is usurious if: (1) there is a loan or forbearance of money, either express or implied; (2) it is made with the understanding that the principal will be returned; (3) a greater profit than is authorized by law is agreed upon; and (4) the contract is made with an intent to violate the law. *Duderwicz v. Sweetwater Savings Association*, 595 F.2d 1008, 1014 (5th Cir.1979) (citing *Bank of Lumpkin v. Farmers State Bank*, 161 Ga. 801, 132 S.E. 221

(1926)). When the first three elements are expressed on the face of the contract, usurious intent may be presumed. *Id.* The evidence shows that the first three elements are expressed on the faces of the eleven notes. Each note represents a loan of money made with the understanding that the principal would be repaid. There are notations on each of the notes which indicate that an interest rate in excess of nine percent was in fact charged and paid on all eleven notes during the time period alleged in the complaint. It is legally insignificant that these notations were added after the notes were executed since both parties freely admit that a rate in excess of nine percent was actually charged and paid. CB & T's good faith argument, which was accepted by the district court, is irrelevant and previously had been rejected by the Georgia courts in similar cases. *See Dorsey v. West*, 159 Ga.App. 274, 283 S.E.2d 314, 316 (1981), *aff'd in part and rev'd in part on other grounds*, 248 Ga. 790, 285 S.E.2d 703 (1982). The narrow question is whether CB & T intended to charge an interest rate in excess of nine percent. The undisputed evidence shows that they did. The cases involving clerical errors or mistakes cited by CB & T are obviously inapposite. *See id.*

■ We therefore conclude that the district court erred in entering summary judgment in favor of CB & T because the state court judgments were not res judicata as to the usury claim, section 57–119 did not apply to the transactions which are the subject of this litigation, and because the court could not conclude that Henson had failed to show CB & T's usurious intent. Further, we conclude that summary judgment should have been entered in favor of Henson because the undisputed evidence shows that he has satisfied the four requirements for a successful usury action under Georgia law.

### (2)

■ We turn next to Henson's contention that the trial court erred in denying his

---

**3.** Appellees have been unable to cite us to any authority and we have been unable to locate any authority which suggests that refraining from

calling in a demand note constitutes a forbearance to enforce a claim for money.

motions to amend his complaint. Several months after the remand from this court, Henson moved for permission to amend his complaint to include claims for conversion, intentional infliction of emotional distress, bad faith, malicious use of process, malicious abuse of process, and civil RICO. The district court denied the motions on three alternative grounds. First, the court found that the new theories alleged by the proposed amended complaints were repetitions of claims raised by Henson in state court and resolved adversely to him. Second, the district court found the amendments would expand the litigation beyond what was contemplated by this court's remand. Third, the district court found that the amendments were not timely. We conclude that the district court acted within its discretion in denying the amendments.

■■■ A district court has great discretion when determining whether an amendment to the complaint should be allowed once responsive pleadings have been filed. This court will only reverse a district court's denial of a motion to amend in instances in which the district court has clearly abused its discretion. *See National Distillers & Chemical Co. v. Brad's Machine Products*, 666 F.2d 492, 495 (11th Cir.1982); *Gregory v. Mitchell*, 634 F.2d 199, 202–03 (5th Cir.1981). These proposed amendments were offered seven and one-half years after the original complaint was filed. While it is true that for at least part of that time the state claims were not properly before the federal court, Henson nevertheless had ample time to amend his complaint earlier. Our decision remanding the case and the state claims to the district court was entered in the district court in mid-December 1981. Two weeks later Henson had filed a motion for summary judgment and a brief in support thereof. CB & T had also filed a motion for summary judgment and a brief in support thereof. All of this occurred three and one-half months before Henson, on April 1, 1982, first sought to amend his complaint. Under the circumstances the district court did

not abuse its discretion in finding that Henson's proposed amendments were untimely. *See, e.g., Local 472, United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry v. Georgia Power Co.*, 684 F.2d 721, 724–25 (11th Cir.1982); *Nilsen v. City of Moss Point*, 621 F.2d 117, 121–22 (5th Cir.1980). Further, we note that the district court was correct in finding that some of the claims alleged in the proposed amendments had been litigated on the merits in Henson's state court suit. *See Henson v. Columbus Bank & Trust Co.*, 240 S.E.2d at 288 (the state court specifically addressed the merits of Henson's claims for abuse of process and malicious use of process). We therefore find no abuse of discretion in the district court's denial of Henson's motions to amend.

(3)

■■■ Finally, we address Henson's contention that the district court erred in denying his motion to compel discovery of the hours expended and rates charged by CB & T's attorneys and in setting his attorneys' fees award at $12,715.

■■■ In considering awards for TIL cases, we consider the same factors and concerns that we consider in other attorneys' fees cases. *See McGowan v. Credit Center of North Jackson, Inc.*, 546 F.2d 73, 77 (5th Cir.1977); *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir.1974). We have on occasion questioned whether the number of hours spent on a case by defense counsel is relevant to a determination of the reasonable fees for plaintiffs' attorneys. *See Harkless v. Sweeny Independent School District*, 608 F.2d 594, 598 (5th Cir.1979). Our reasoning has been that the number of hours needed by one side to prepare adequately may differ substantially from that of opposing counsel because the nature of the work on each side may differ dramatically. Additionally, the case may have far greater precedential value for one side than the other. *See Johnson v. University College of the University of Alabama in Birmingham*, 706 F.2d 1205, 1208 (11th Cir.),

*cert. denied,* —— U.S. ——, 104 S.Ct. 489, 78 L.Ed.2d 684 (1983). We have acknowledged, however, that in some cases it would be proper to allow the discovery of and use of such evidence. *See id.* We think that in this case the district court abused its discretion in denying Henson's motion to compel discovery.

This litigation has been going on for over ten years now. CB & T has spiritedly contested Henson's claims at every stage, including the reasonableness of his petition for attorneys' fees. While CB & T is entitled to contest vigorously Henson's claims, once it does so it cannot then complain that the fees award should be less than claimed because the case could have been tried with less resources and with fewer hours expended.

The district court repeatedly stated during the fees hearing and acknowledged in its opinion that it had trouble deciding an appropriate fee because of the available evidence. The trial judge was particularly concerned because plaintiff had used numerous lawyers and he felt, although he could not be certain, that many of the claimed hours were attributable to duplication. Henson asserts that he has presented all the information that he and his lawyers have concerning the time they spent litigating this case. He contends that because the district court was having trouble concluding whether or not these hours were reasonable, it would have been appropriate in this particular instance at least to allow discovery of the hours spent and billed by CB & T's lawyers during the litigation. He does not allege that the number of hours spent by CB & T's lawyers will conclusively prove or disprove the reasonableness of his petition, but rather that it will provide the court with additional information to use in evaluating the petition.

In light of the concerns the district court expressed regarding the reasonableness of the hours claimed in Henson's petition, it would seem most appropriate for the court to have allowed discovery of the evidence in question. While the concerns noted earlier regarding the relevancy of evidence of the other side's hours and fees are still prevalent, the trial judge may consider them as going to the weight of the evidence rather than its discoverability and admissibility.

Because there was a particular need for evidence in this case and because the defendant here has contested the reasonableness of the plaintiff's petition, we find that the district court abused its discretion in refusing to allow Henson discovery of CB & T's records concerning hours expended and fees paid. We therefore remand with instructions that the district court compel discovery of the hours expended by CB & T's lawyers and hold an additional hearing to reconsider Henson's fee petition.[4]

AFFIRMED in part, REVERSED in part, and REMANDED with instructions.

---

**4.** In footnote one of its order granting Henson's petition for attorney's fees, the district court noted that it had expressly determined not to consider whether Henson could be compensated for representing himself in this matter. By doing so, the district court effectively denied Henson compensation for the time he had spent representing himself in this matter. We call the district court's attention to the fact that this issue is currently pending before the en banc court in *Duncan v. Poythress,* 750 F.2d 1540 (11th Cir.1985) (argued en banc June 12, 1985).