**William A. SPRINGS, Plaintiff,**

v.

**Clarence A. THOMAS, Chairman Equal Employment Opportunity Commission, Defendant.**

**Civ. A. No. 86–132.**

United States District Court, District of Columbia.

April 11, 1989.

John H. Pratt, Clifford A. Brooks, Washington, D.C., for plaintiff.

Gerald M. Goldstein, Washington, D.C., for defendant.

## MEMORANDUM ORDER

JOHN H. PRATT, District Judge.

The present motion for attorney's fees and costs arises out of an employment discrimination action brought by plaintiff William A. Springs against the Equal Employment Opportunity Commission (EEOC) in 1986.[1] The litigation was concluded with

---

**1.** Formal administrative proceedings com- menced on June 24, 1980. After the defendant

the entry of a Consent Decree, approved by the Court on February 27, 1987, which provided plaintiff with a retroactive promotion and back pay and required adverse entries to be purged from his personnel records.

Plaintiff's counsel now seek attorney's fees under 42 U.S.C. Sections 2000e–16 and 2000e–5(k) for their work on the case. Plaintiff is clearly the prevailing party within the meaning of the statute and fees and costs may be awarded in the Court's discretion.[2] Counsel request a total of $99,067.25 in fees and $1,803.87 in costs for a total of $100,871.12 in fees and costs for the period from July 1983 to March 1987. Counsel also request a 5% upward adjustment of fees and costs for the risk involved in the case plus an additional 5% upward adjustment for defendant's alleged bad faith failure to agree to pay reasonable attorney fees and costs as required by the Consent Decree.

Defendant argues that the number of hours expended in this matter is excessive and has moved to compel plaintiff to respond to interrogatories and requests for production of documents relating to the fee application. We find that, for the most part, defendant's interrogatories and document requests are overly burdensome[3] and are unnecessary in order for this court to make a determination as to the reasonableness of plaintiff's fee request. We note that plaintiff bears the burden of demonstrating the reasonableness of the attorney's fee request. *Laffey v. Northwest Airlines, Inc.,* 572 F.Supp. 354, 361 (D.D.C. 1983) aff'd in part, rev. in part on other grounds, 746 F.2d 4 (D.C.Cir.1984), *cert. denied,* 472 U.S. 1021, 105 S.Ct. 3488, 87 L.Ed.2d 622 (1985). To the extent that plaintiff fails to meet this burden, the court will exclude costs or reduce the fee.

### A. The Lodestar Figure

Our starting point in determining plaintiff's reasonable attorney's fees is the so-called "lodestar," which is the number of hours reasonably expended multiplied by a reasonable hourly rate. *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983); *National Ass'n of Concerned Veterans v. Secretary of Defense,* 675 F.2d 1319, 1323 (D.C.Cir. 1982).[4] Counsel have requested fees for a total of 724.6 hours expended by attorneys[5] and 31.4 hours expended by legal assistants and law clerks on the case. These fees are documented in plaintiff's motion and supporting affidavits. These hours were recorded in contemporaneous time records by counsel, and time spent on clerical or nonlegal activities was not included in the number of hours for which fees are claimed. Although defendant argues that the number of hours is excessive, there is little evidence that the hours were anything but reasonable, particularly given the scope of the litigation. The hours reflect time spent between July 1983 and March 1987 at both the administrative and judicial stages of the proceeding. The hours include preparation of numerous pleadings including the response to the motion to dismiss and cross motions for summary judgment, discovery, court hearings, settlement negotiations and conferences, preparation of the Consent Decree, and the motion for attorney's fees. We note that

issued a Final Agency Decision on the administrative complaints in December of 1985, plaintiff filed the above-captioned action on January 16, 1986.

2. We note that where, as here, plaintiff's claims for relief involved a common core of facts and counsel's time was devoted generally to the litigation as a whole, the court focuses on the significance of the overall relief obtained by the plaintiff. *See Laffey v. Northwest Airlines, Inc.,* 572 F.Supp. 354, 362–63 (D.D.C.1983) aff'd in part, rev. in part on other grounds, 746 F.2d 4 (D.C.Cir1984), *cert. denied,* 472 U.S. 1021, 105 S.Ct. 3488, 87 L.Ed.2d 622 (1985).

3. For example, defendant requests plaintiff's counsel to produce copies of all bills sent to their clients and copies of all invoices demonstrating the amount actually paid by their clients for similar work from 1982 to the present.

4. "The figure generated by that computation is the basic fee from which a trial court judge should work." *Copeland v. Marshall,* 641 F.2d 880, 891 (D.C.Cir.1980) (*en banc*).

5. The number of hours for each attorney is as follows: 554.4 hours for Clifford A. Brooks, 164.7 hours for William C. England, Jr., and 5.5 hours for Karl W. Carter.

throughout the period of the administrative and judicial process in this action, the defendant has vigorously contested plaintiff's claims at every stage. Having done so, the EEOC cannot now complain that the fee award should be reduced because the case could have been tried with fewer hours and resources expended. *See Henson v. Columbus Bank & Trust Co.*, 770 F.2d 1566, 1575 (11th Cir.1985). We find the 724.6 hours is supported by adequate documentation and is a reasonable figure for handling a matter of this magnitude and complexity.

 Counsel claim hourly rates for each attorney at $100 per hour in 1983 and 1984, $115 per hour in 1985, and $125 per hour from 1986 to the present. The hourly rate claimed for legal assistants and law clerks over the entire time period is $50 per hour. One and a half the above stated hourly rates was charged for time spent in administrative hearings or in court and as for time spent after normal business hours.[6] In an effort to demonstrate that the hourly rate requested is within the prevailing market rate, plaintiff's counsel point to several cases where fees in a comparable range were awarded during the relevant time period for which services were rendered. Counsel, however, utterly fail to show that such fees were awarded for similar work done by lawyers with comparable qualifications and experience. *National Ass'n of Concerned Veterans*, 675 F.2d at 1325. The affidavits submitted by counsel indicate very little experience in employment discrimination litigation. *See* Plaintiff's Motion for Attorney's Fees and Costs, Exhibits D & E. Nor has counsel demonstrated that the practice of charging time and a half for a "night rate" or "court rate" is within the normal billing practice of comparable attorneys for similar cases in this jurisdiction. Because counsel has failed to demonstrate that the requested rates are within the market rates charged for lawyers of comparable skill and experience performing similar work, we shall reduce the requested hourly rate to a flat rate of $90 per hour of attorney time. Be-

cause counsel has similarly failed to demonstrate that their requested hourly rate of $50 per hour for legal assistants and law clerks is within the market rate, the court finds that a reasonable hourly rate under the circumstances is $20 per hour. *See Jordan v. Department of Justice*, 691 F.2d 514, 522 (D.C.Cir.1982).

With this adjustment to the rates charged, we find that the requested number of hours (724.6 attorney hours and 31.4 legal assistant hours) multiplied by a reasonable hourly rate ($90 for attorneys and $20 for legal assistants) results in a lodestar figure of $71,494.00 ($65,214.00 plus $6,280.00).

### B. *Adjustments to Lodestar*

 Plaintiff's counsel seek a 5% upward adjustment of fees and costs because of the results obtained, the risk involved, and the undesirability of the case. Such an adjustment would be appropriate only if counsel can show that the adjustment is necessary to make the fee award reasonable. *Blum v. Stenson*, 465 U.S. 886, 898, 104 S.Ct. 1541, 1548–49, 79 L.Ed.2d 891 (1984).

 Counsel argue that the "excellent" results obtained and the undesirability of the case, which evidently factored into plaintiff's two previous attorneys' unwillingness to remain on the case, justify the upward adjustment. However, even though the results of the litigation were favorable to plaintiff and counsel may have encountered added difficulties from beginning the case where previous attorneys left off, these factors have been accounted for in the lodestar figure by the reasonable number of hours spent in the litigation and by taking account of counsel's experience and skill and the quality of the representation in the hourly rates awarded. *See Blum*, 465 U.S. at 899, 104 S.Ct. at 1549; *Copeland v. Marshall*, 641 F.2d 880, 893 (D.C.Cir.1980) (*en banc*). Plaintiff's counsel also justify their request for a 5% ad-

---

**6.** 195.6 hours of the 724.6 attorney hours are claimed at this "night rate" or "court rate" of

time and a half the usual hourly rate.

justment by noting the contingent nature of the fees and costs in this matter. Counsel's claim of risk is somewhat exaggerated. As defendant points out, there was little possibility that no fee would be obtained, even if the case had been tried unsuccessfully. In fact, counsel already have received almost twenty thousand dollars from plaintiff. Upward adjustments are rarely awarded and then only in exceptional cases. *See Pennsylvania v. Delaware Valley Citizens' Counsel*, 478 U.S. 546, 106 S.Ct. 3088, 3096–3100, 92 L.Ed.2d 439 (1986). This was not such a case.

■ Plaintiff's counsel also seek a 5% upward adjustment for defendant's bad faith failure to agree to pay reasonable attorney's fees and costs as required by the Consent Decree. Plaintiff points to the passage of time since the Consent Decree was issued and defendant's offering what plaintiff's counsel views were unreasonably low offers of settlement for attorney's fees. We find that plaintiff's counsel are equally responsible for the delay in resolving the attorney's fee issue.[7] Plaintiff's counsel took a substantial amount of time to compile their attorney's fee request and could have done more to facilitate settlement by providing additional information requested by defendant to assess the reasonableness of the fee request. We therefore conclude that a 5% enhancement is unwarranted in this matter. The lodestar is a fair and reasonable amount without any enhancement.

C. *Costs*

■ Finally, plaintiff requests $1,314.79 in costs and $489.08 in late payment interest penalties. Defendant argues that costs incurred for word processing and a dinner for staff should not be awarded. We agree. *See Laffey*, 572 F.Supp. at 384 n. 67. Accordingly, $65.71 will be excluded from the amount of reimbursable costs. With these items excluded, costs in the amount of $1,738.16 are accepted as reasonable and will be awarded.

For the reasons stated above, it is by the Court this 7th day of April, 1989

ORDERED that plaintiff's motion for attorney's fees is granted in part and denied in part; and it is

ORDERED that defendant shall pay plaintiff's counsel the sum of $71,494.00 as reasonable attorney's fees and $1,738.16 as reasonable costs for a total of $73,232.16; and it is

ORDERED that defendant's motion to compel is denied as moot; and it is

ORDERED that plaintiff's supplemental motion for attorney's fees, to the extent not already granted, is denied; and it is

ORDERED that defendant's motion to strike portions of plaintiff's reply is denied as moot; and it is

ORDERED that defendant's motion for leave to file a supplemental opposition to plaintiff's supplemental motion for attorney's fees is denied; and it is

ORDERED that plaintiff's emergency motion for an award of interim attorney's fees is denied as moot; and it is

FURTHER ORDERED that defendant's motion to strike portions of plaintiff's emergency motion is denied as moot.

---

**7.** We also fault counsel on each side for the inordinate amount of time spent on this litigation. Counsels' conduct has been a burden on the parties as well as an unreasonable imposition on the time and resources of this Court.