[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 18, 2001
THOMAS K. KAHN
CLERK

----------------------
No. 00-13834
----------------------
D.C. No. 97-00083 CV-DV-3

JOHN BRYANT, On behalf of Himself and
all others similarly situated,
ROBERT C. EAST, et al.,

Plaintiffs-Appellants,

versus

THOMAS E. DUPREE, JR.,
DAVID P. FRAZIER, et al.,

Defendants-Appellees,

----------------------
Appeal from the United States District Court
for the Middle District of Georgia
----------------------
**(May 18, 2001)**

Before BARKETT, HILL and KRAVITCH, Circuit Judges.

PER CURIAM:

This is the second appeal of this case and the facts are set out fully in Bryant

v. Avado Brands, Inc., 187 F.3d 1271 (11th Cir. 1999). Accordingly, we address

only the facts necessary to our decision in the current appeal, in which the

plaintiffs challenge the district court's dismissal of their complaint without leave to amend. Because we find that the district court should have allowed the plaintiffs an opportunity to amend their complaint, we reverse and remand.

## I. BACKGROUND

Plaintiffs, who are shareholders of Apple South, Inc. (now known as "Avado Brands, Inc."), allege that the defendant officers of the corporation made false and misleading statements in violation of the Securities and Exchange Act of 1934. The district court denied the defendants' motion to dismiss, but certified its order for interlocutory review so that this court could address whether the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4 et seq. ("PSLRA") altered the scienter requirement for securities fraud cases. We held it did not. See Bryant, 187 F.3d at 1283. Specifically, we stated that in order to meet the PSLRA's heightened pleading requirement, a plaintiff must plead with particularity facts which give rise to a strong inference that the defendant acted in a severely reckless fashion, but that allegations of motivation and opportunity, without more, do not meet this burden.[1] Id. at 1285-87. Following remand, the defendants renewed their motion to dismiss. The plaintiffs filed a response which included a

---

[1] We also held that the district court was authorized to take judicial notice of public documents filed according to SEC regulations for the purpose of determining what statements the documents contain. Bryant, 187 F.3d at 1276.

request for leave to amend. The district court dismissed the complaint with prejudice and denied plaintiffs leave to amend.

## II. DISCUSSION

We review for abuse of discretion a district court's denial of a motion to amend. Henson v. Columbus Bank & Trust Co., 770 F.2d 1566, 1574 (11th Cir. 1985). A district court's discretion to dismiss a complaint without leave to amend "is 'severely restrict[ed]' by Fed. R. Civ. P. 15(a), which directs that leave to amend 'shall be freely given when justice so requires.'" Thomas v. Town of Davie, 847 F.2d 771, 773 (11th Cir.1988) (citation omitted). Generally, "[w]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991). A district court need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile. See Forman v. Davis, 371 U.S. 178, 182 (1962).

The district court gave several reasons for its refusal to grant the plaintiffs leave to amend. First, the district court stated that the plaintiffs already had been

3

"given one opportunity to amend their complaint." This assertion apparently refers to the plaintiffs' Amended Complaint, filed in response to the defendants' original motion to dismiss. Under Rule 15(a), an amendment may be made either as "a matter of course" or "by leave of court." See Fed. R. Civ. P. 15(a).[2] The Amended Complaint was filed as a matter of course, and until the renewed motion to dismiss came before the court, the plaintiffs had not asked for leave to amend. Therefore, it cannot be said that the plaintiffs already had been given an opportunity to amend or that the plaintiffs repeatedly had failed to cure deficiencies through previously allowed amendments.

Second, the district court stated that dismissal with prejudice was appropriate because the plaintiffs already had been given notice of the possible deficiencies in their complaint. See Friedlander v. Nims, 755 F.2d 810, 811-12 (11th Cir.1985) (stating that dismissal with prejudice was appropriate where district court gave "specific and repeated warnings" that amendment was

_____

[2]Rule 15(a) provides:

A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Fed. R. Civ. P. 15(a).

necessary). On the contrary, in denying the original motion to dismiss, the district court stated that the plaintiffs' allegations of internal reports showing that the defendants were aware of the falsity of their statements, coupled with evidence of motive and opportunity in the form of insider stock trades, satisfied the heightened pleading requirement. Bryant v. Apple South, Inc., 25 F. Supp. 2d 1372, 1381 (M.D. Ga. 1998). Rather than indicating infirmities in the complaint, the district court's prior opinion created the exact opposite impression. Nor did our opinion in the previous appeal suggest that the plaintiffs' complaint did not satisfy the PSLRA's heightened pleading requirement. See Bryant, 187 F.3d at 1287 ("Having thus set out the law, . . . we remand the case to the district court for proceedings consistent with this opinion."). Furthermore, once the defendants renewed their motion to dismiss, the plaintiffs responded with their first request for leave to amend, which the district court denied. Accordingly, it cannot be said that the plaintiffs failed to correct defects of which they had notice.

The district court also denied leave to amend because it determined that allowing further amendment would be futile in light of the fact that the Amended Complaint "contain[ed] few if any new allegations." This reasoning ignores the fact that the district court earlier had found the complaint sufficient, thus justifying, until this court's opinion, the plaintiffs' belief that they did not need to include any

further allegations in the Amended Complaint. As mentioned above, once the defendants renewed their motion to dismiss, the plaintiffs requested leave to amend. The plaintiffs have indicated, moreover, that if given the chance to amend, they will meet the PSLRA's pleading requirement. Thus, allowing the plaintiffs to amend their complaint would not be futile. See Thomas, 847 F.2d at 773 (stating that district court should have allowed amendment where "it does not appear beyond doubt that [plaintiff] cannot prove a set of facts which would entitle him to relief").

Finally, the district court declined to grant the plaintiffs leave to amend because it concluded that doing so would unfairly prejudice the defendants. The court found prejudice because the litigation had been ongoing for over three years and the plaintiffs had not yet adequately pleaded their complaint. The lengthy nature of litigation, without any other evidence of prejudice to the defendants or bad faith on the part of the plaintiffs, does not justify denying the plaintiffs the opportunity to amend their complaint. See Floyd v. Eastern Airlines, Inc., 872 F.2d 1462, 1490 (11th Cir. 1989) ("The mere passage of time, without anything more, is an insufficient reason to deny leave to amend.") rev'd on other grounds, 499 U.S. 530 (1990).

Here, there is no evidence that the plaintiffs have employed delaying tactics. The litigation was protracted in part by the district court's decision to certify for interlocutory appeal its initial denial of the motion to dismiss. Moreover, the district court did not give any reason, other than the mere passage of time, to support its conclusion that allowing the plaintiffs to amend their complaint would prejudice the defendants. Because there is no evidence that allowing an amendment at this stage would prejudice the defendants, the district court should have allowed the plaintiffs to amend their complaint.

## III. CONCLUSION

Accordingly, we REVERSE the district court's dismissal of the action and REMAND with instructions to grant the plaintiffs leave to amend.[3]

---

[3]Because we conclude that the district court should have allowed the plaintiffs to amend their complaint, we do not address whether the plaintiffs have met the PSLRA's pleading requirement.